**Steven Dale STANLEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–329–CR.**

Court of Appeals of Texas,
Fort Worth.

July 6, 1994.

David L. Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty.; Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; Stuart Brooks, Asst. Criminal Dist. Atty., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

OPINION

LATTIMORE, Justice.

Appellant Steven Dale Stanley was convicted by the court of the offense of burglary of a habitation. *See* TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). The court assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, probated for ten

years. On appeal Stanley raises one point of error contending that the Tarrant County District Attorney's Office erred in failing to seek the appointment of a special prosecutor for this case because the complainant is a Tarrant County Assistant District Attorney.

We affirm.

Stanley was tried and convicted for burglarizing the residence of Susannah Touzel, a prosecutor with the Tarrant County District Attorney's Office. Stanley was prosecuted by Leslie Hardy, another Assistant Criminal District Attorney employed by the Tarrant County District Attorney's Office. Two witnesses identified Stanley at trial as the person seen leaving Touzel's home with two light-colored bags. During the trial, Touzel, who was not present when the burglary occurred, testified about her loss of property. She stated that a neighbor informed her of the burglary and that upon arriving home, Touzel discovered missing clothes, jewelry, electronic equipment, and Christmas presents. Touzel testified that at the time of the offense she had a greater right to possession of her habitation than anyone else, that she had custody and control of the property taken, and that she had not given anyone permission to enter her habitation. Finally, Touzel stated that she had received information regarding the burglary, and in response, she drove to an apartment at 806 Haskell Street located in the same neighborhood as her house. There she saw a man emerge from an upstairs garage apartment, walk down a stairway, and place two light-colored bags over a fence. She could not identify that person. The garage apartment at 806 Haskell Street belonged to Stanley.

■ In his sole point of error Stanley contends that the Tarrant County District Attorney's Office erred in failing to seek the appointment of a special prosecutor for this case because the complainant is a Tarrant County Assistant District Attorney. We disagree. First, Stanley failed to raise any objection at trial to the participation of a prosecutor from the Tarrant County District Attorney's Office in the trial where another assistant district attorney would testify as a fact witness. Stanley has thus waived this

possible ground for appeal. TEX.R.APP.P. 52(a).

■ Further, we believe that the 1988 Texas State Bar Ethics Committee opinion upon which Stanley relies has been rendered invalid, in light of the revised Texas Disciplinary Rules of Professional Conduct. The Ethics Committee opinion concerned circumstances similar to the instant case:

Facts: An individual was indicted for breach of computer security when he obtained credit information from a credit bureau's computerized files without the permission of the persons about whom the information was compiled. The complainants in the indictment are members of the district attorney's office in the county of prosecution.

Question Presented: May a lawyer member of the district attorney's office prosecute a criminal complaint where the complainants are also lawyer members of the district attorney's office in the county of prosecution?

Discussion: DR 5–101(B) and DR–102(A) state that a lawyer shall not accept employment when he learns or it becomes obvious that a lawyer *in his firm* will, or ought to, be called as a witness. Opinion 399 (February 1981) held that these restrictions should also apply to a district attorney's office and to all those who practice in the same office. [Emphasis added.]

Given the situation described above, it is clear that DR 5–101(B) does indeed apply and it then becomes necessary to examine the exceptions listed under DR 5–101(B) to see if any are applicable. This was well demonstrated in Opinion 430 (June 1986) where it was held that another attorney in the district attorney's office would be allowed to testify if the testimony given would fall under one of the four enumerated exceptions. In the letter requesting this opinion it is suggested that the complainant's testimony will be uncontested and/or simply a matter of formality falling under exceptions (1) or (2) of DR 5–101(B). The testimony of the complainants would simply be that they did not give the accused permission as required by law to check their credit files. As simple as this

testimony may seem, it is still difficult to tell prior to trial whether or not this testimony would remain uncontested. In fact, it may be the very heart of the matter at issue making the testimony certainly not a formality and most likely not uncontested.

It was also suggested that to bring in outside counsel to prosecute the case would work a great hardship on the client and the people of Texas (DR 5–101(B)(4)). While the hardship should not be disregarded, it cannot be held to override the defendant's right to a fair trial. In *State v. Whitworth*, No. 47978 (Mo.Ct.App. Eastern Dist. Dec. 11, 1984), the court held that a criminal defendant's right to a fair trial was prejudiced when one member of the state of a county prosecutor's office argued the case against him and another provided critical testimony in that case. The result, said the court, was unfair not only to the defendant but also to the jury. The prosecutor's office should have sought a special prosecutor to try the case.

A prosecutor, as any other attorney, should avoid participating in any case where an implication of impartiality might cast a shadow on the integrity of the office. If, in the case at hand, prosecution is pursued by counsel within the district attorney's office, such a shadow would most certainly exist.

Conclusion: The prosecuting attorney in this case, in order to abide by DR 5–101(B) and DR 5–102(A) should request the court appoint a new counsel for the state. This would be in complete compliance with DR 5–101(B) and also ensure the defendant a fair trial while protecting the integrity of the district attorney's office from the shadow of partiality.

Tex.Comm. on Professional Ethics, Op. 454, 51 TEX.B.J. 1060 (1988). This opinion was based on Disciplinary Rules DR 5–101 and DR 5–102, which were repealed effective January 1, 1990, and replaced with the Texas Rules of Professional Conduct Rule 3.08. Rule 3.08, Lawyer as Witness, states in pertinent part that:

(a) A lawyer shall not accept or continue employment in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony....

TEX.DISCIPLINARY R.PROF.CONDUCT 3.08(a) (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (STATE BAR RULES art. X, § 9). Rule 3.08, unlike its predecessor DR 5–101, does not prohibit another lawyer in the same firm from testifying. Stanley argues that rule 1.06(f), Conflict of Interest: General Rule, extends rule 3.08 to other lawyers within the same prosecutorial office. It states that "[i]f a lawyer would be prohibited *by this Rule* from engaging in particular conduct, no other lawyer while a member or associated with that lawyer's firm may engage in that conduct." TEX.DISCIPLINARY R.PROF.CONDUCT 1.06(f) (1989) (emphasis added). However, nothing in rule 1.06 itself would prevent the Assistant District Attorney who tried this case from acting as prosecutor, and rule 1.06(f) by its terms only applies to the rest of rule 1.06.

The comments to rule 3.08 support this view. Comment 8 states that another lawyer in the testifying lawyer's firm may act as an advocate. Comment 9 states that rule 3.08 is a disciplinary standard and is not well suited as a standard for procedural disqualification. It notes that the principal purpose of the rule is to insure that the testifying lawyer's client is not harmed. Comment 10 states the "Rule may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles." TEX.DISCIPLINARY R.PROF.CONDUCT 3.08 cmt. 10 (1989). Stanley has not shown actual prejudice in this case. We thus hold that the Texas Disciplinary Rules of Professional Conduct do not preclude one lawyer from a district attorney's office from prosecuting a criminal case in which another lawyer from

the same district attorney's office will testify as a fact witness. Stanley's sole point of error is overruled.

The judgment of the trial court is affirmed.