931 S.W.2d 581 (1996)
In the Matter of J.B.K., Attorney, Relator.
No. 08-96-00064-CV.
Court of Appeals of Texas, El Paso.
March 15, 1996.
*582 Before BARAJAS, C.J., and McCLURE and CHEW, JJ.
OPINION ON ORDER REFERRING DISCIPLINARY MATTER TO OFFICE OF THE GENERAL COUNSEL, STATE BAR OF TEXAS
BARAJAS, Chief Justice.
Relator, J.B.K., an attorney licensed to practice law in the State of Texas, has been ordered to appear before this Court on March 6, 1996. It has come to this Court's attention that Counsel may have committed violations of the Texas Disciplinary Rules of Professional Conduct. Such alleged violations raise a substantial question as to his honesty, trustworthiness, and fitness as a *583 lawyer. Specifically, this Court has been advised as follows:
After submission of a matter before this Court in which J.B.K. served as counsel for a party and presented oral argument, but prior to the date of issuance of the opinion in that matter, J.B.K. engaged in ex parte contact with the Eighth District Court of Appeals by communicating directly with a member of the Court's staff who was his acquaintance. The ex parte communication occurred on Monday, February 26, 1996. The opinion was delivered on February 29, 1996. The telephonic communication with the staff member was for the purpose of inquiring, among other things, as to what his "chances" were in the then pending case and whether he should "settle" his case prior to the issuance of the opinion.

A. Lawyer's Duty to the Courts
It is axiomatic that, as an integral part of our system of government, the legal system depends on the relationship between Bench and Bar. An honest and ethical lawyer has long been part of the foundation for the historically elevated and well-deserved role that lawyers have played in our culture. Lawyers, then, owe to the courts duties of scrupulous honesty, forthrightness, and the highest degree of ethical conduct. Inherent in that high standard of conduct is compliance with both the spirit and express terms of established rules of conduct and procedure.
The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system. ORDER OF THE SUPREME COURT OF TEXAS AND THE COURT OF CRIMINAL APPEALS, promulgating and adopting "The Texas Lawyer's CreedA Mandate for Professionalism," Nov. 7, 1989. The Appellate and Advocacy Section of the State Bar of Texas has become so concerned with the standards [or lack thereof] of ethics and professionalism in the appellate courts that the Chair has formulated a committee to draft "Standards of Conduct for Appellate Lawyers," an appellate attorney's creed similar in nature to the one referenced above. Not only has the Chair requested input from the courts, he has announced that each court will be asked to adopt the Creed when it is completed. The Eighth District Court of Appeals is determined to be among the first to approve such innovative measures. The concept, simply stated, is that the justices themselves are in the unique position of putting a stop to unethical and unprofessional behavior. As one commentator has phrased the concern:
Appellate judges hold the key to what appellate lawyers do. If counsel cannot derive any meaningful benefits from a given course of conduct, the conduct probably will not take place. That is, the bench can save us from ourselves.
David M. Gunn, Why Appellate Law is so Appealing, in STATE BAR OF TEXAS PROF.DEV. PROGRAM, ADVANCED CIVIL APPELLATE PRACTICE COURSE, M, M-1 (1994).
The Texas Rules of Appellate Procedure, in the clearest of terms, provides that correspondence or other communications relative to any matter before the court must be conducted with the clerk and shall not be addressed to or conducted with any of the justices or judges or other members of the court's staff. TEX.R.APP.P. 6. Except as otherwise provided for by law and not prohibited by applicable rules of practice or procedure, a lawyer shall not communicate ex parte with a court for the purpose of influencing the court or person concerning a pending matter other than orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer. TEX. DISCIPLINARY R. PROF. CONDUCT, 3.05(b)(3) (1995), reprinted in TEX. GOV'T CODE ANN. it. 2, subtit. G, app. A (Vernon Supp.1996). Ex parte communications are "those that involve fewer than all of the parties who are legally entitled to be present during the discussion of any matter. They are barred in order to ensure that every person who is legally interested in a proceeding [is given the] full right to be heard according to law." JEFFREY M. SHAMAN ET AL., JUDICIAL CONDUCT AND ETHICS § 6.01, at 145 (1990); see also In re Thoma, *584 873 S.W.2d 477, 496 (Tex.Rev.Trib.1994). Private communications between a lawyer in a pending action and a staff member of an appellate court before whom the case is pending concerning the merits of the then pending appeal are "ex parte communications" not authorized by law. See TEX. R.APP.P. 6; TEX. DISCIPLINARY R. PROF. CONDUCT 3.05(b)(3); see also In re Thoma, 873 S.W.2d at 496. Accordingly, we find as a matter of law that any attempt to solicit or receive information on the merits of a pending case from a staff member of an appellate court constitutes an impermissible ex parte communication with chambers. See In re Intermagnetics Am., Inc., 101 B.R. 191, 193 n. 2 (C.D.Cal.1989); see also Vanzant v. R.L. Prods., Inc., 139 F.R.D. 435, 438 n. 4 (S.D.Fla.1991). To suggest otherwise would undermine the integrity of courts, breed skepticism and distrust, and thwart principles on which our judicial system is based. See In re Thoma, 873 S.W.2d at 496. Moreover, no one, whether lawyer or otherwise, may solicit or receive information from a public servant that the public servant has access to by means of employment and has not been made public if the information is sought for the purpose of obtaining a benefit or to harm or defraud another.[1]See TEX.PENAL CODE ANN. § 39.06(c) (Vernon 1994).

B. Duty of the Judiciary
Individual judges are charged with the task of adjudicating claims in a manner that protects the rights of all parties to the litigation. It is for that reason that ex parte communications between parties to pending litigation and members of the judiciary tasked to resolve those claims undermine the public's right to evaluate whether justice is being done. Ex parte communications frustrate the judiciary's responsibility to promote and provide fair and equal treatment to all parties. See In re Thoma, 873 S.W.2d at 496. It is perhaps for that reason, among others, that the Texas Code of Judicial Conduct provides that, except as authorized by law, a judge shall not initiate, permit, or consider ex parte or other private communications made to the judge outside the presence of the parties. Further, a judge shall require compliance with this subsection by court personnel subject to the judge's direction and control. TEXAS SUPREME COURT, CODE OF JUDICIAL CONDUCT, Canon 3B(8), Amended to Sept. 1, 1994, reprinted at TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon 1994 and Supp.1996).
Not only does the Bar encourage the active participation of the judiciary in monitoring attorney conduct, the Code of Judicial Conduct mandates action. A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Rules of Professional Conduct should take appropriate action. If the information received by that judge raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, the judge shall inform the Office of the General Counsel of the State Bar of Texas or take other appropriate action. TEXAS SUPREME COURT, CODE OF JUDICIAL CONDUCT, Canon 3D(2), Amended to Sept. 1, 1994, reprinted at TEX.GOV'T CODE ANN. tit. 2, subtit. G, app. B (Vernon Supp. 1996). We find that the allegations set forth above, if true, raise a substantial question as to Counsel's honesty, trustworthiness or fitness as a lawyer. Accordingly we interpret the language of Canon 3D(2) to be mandatory in nature, not directory. We note, however, that while the language of Canon 3D(2) is mandatory, it is not exclusive in that it does not prohibit an independent judiciary from exercising its inherent power to protect the jurisdiction of the courts, insure that necessary court security provisions are complied with or to exercise its authority to punish by contempt or otherwise. We view this Court's action in ordering J.B.K. to appear before this Court on March 6, 1996 as an exercise of that inherent authority.
We recognize our obligation not only to ensure the proper administration of justice in this Court but also our duty to the system of justice as a whole. We hasten to add that *585 we are not merely the gatekeepers who monitor and patrol the conduct of members of the Bar. While we owe a duty to the legal system as a whole and to the administration of justice, we are ever mindful that the judiciary also has a duty to the lawyers who appear before them, to the public at large which elects them, and even to other members of the judiciary to ensure that our democracy is preserved and protected and that professionalism reigns supreme. We take this duty seriously.

C. Conclusion
While the communication took place between Counsel and a staff member of this Court, this Court makes no findings of fact as to the above allegation of impropriety, nor should any fact findings be implied. Nonetheless, in accordance with this Court's mandatory disciplinary responsibilities pursuant to Canon 3(D)(2) of the Texas Code of Judicial Conduct, we order that Barbara Dorris, Clerk of this Court, forward a copy of this opinion to the Office of the General Counsel, State Bar of Texas, for investigation and any action it deems warranted. Texas Supreme Court, Code of Judicial Conduct, Canon 3D(2).
NOTES
[1] We note that employees of the appellate courts of this state are employees of the State of Texas and thus "public servants" as that term has been statutorily defined. TEX.PENAL CODE ANN. § 1.07(a)(41)(A) (Vernon 1994).