Wendall B. HOUSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1241–95.

Court of Criminal Appeals of Texas,
En Banc.

June 4, 1997.

Jerry D. Patchen, Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant of voluntary manslaughter and sentenced appellant to twelve years confinement. The Court of Appeals affirmed appellant's conviction and sentence. *House v. State,* 909 S.W.2d 214, (Tex. App.—Houston [14th Dist.], 1995) (not yet reported).

The record reflects the trial court permitted two assistant district attorneys from the trial prosecutor's office to testify about appellant's character at the punishment phase of appellant's trial. Appellant objected for "ethical reasons." [1] The trial prosecutor did not testify at appellant's trial and the two testifying assistant district attorneys did not act as advocates at appellant's trial.

On direct appeal to the Court of Appeals, appellant relied on an alleged disciplinary rule violation by the State as the sole basis for a reversal of his conviction. He claimed the trial court erred in allowing the two assistant district attorneys to testify because this was prohibited by Texas Disciplinary Rules of Professional Conduct 3.08 (1989), reprinted in Texas Government Code, Title 2, Subtitle G appendix (Vernon Supp.1992) (State Bar Rules, Article X, Section 9), which was in effect at the time of appellant's trial.[2]

The Court of Appeals rejected appellant's claim because, among other things, the Court was "without an adequate basis to conclude that the trial court erred in refusing to exclude testimony of the assistant district attorneys based on the alleged violation of Rule 3.08." We granted appellant's petition for discretionary review to examine the Court of Appeals' decision that the trial court did not err to refuse to exclude the testimony of the two assistant district attorneys.[3]

About the time we granted the petition for discretionary review in this case, this Court decided *Brown v. State,* 921 S.W.2d 227 (Tex. Cr.App.1996). In *Brown,* a majority of this Court decided an alleged disciplinary rule violation by the opposing party does not require a reversal of a conviction unless the defendant can show the alleged disciplinary rule violation affected his substantial rights or deprived him of a fair trial. See *Brown,* 921 S.W.2d at 229–30 and at 230 (Keller, J., concurring in the judgment) (mere violation of a disciplinary rule is not a ground for reversal); *see also Stanley v. State,* 880 S.W.2d 219, 221–22 (Tex.App.—Fort Worth 1994, no pet.) (defendant failed to show actual prejudice when one lawyer from the district attorney's office prosecuted a criminal case in which another lawyer from the same district attorney's office testified as a fact witness); Rule 3.08, comment 10 (this rule may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification of opposing counsel *can demonstrate actual prejudice to itself resulting from the opposing lawyer's service*

1. "[APPELLANT]: I also object for ethical reasons.
"[THE COURT]: I'm sorry, [appellant's lawyer]. I can't hear you.
"[APPELLANT]: I also object for ethical reasons for a D.A. testifying in another D.A.s case.
"[THE COURT]: Overruled."

2. Current Rule 3.08(a) and the version in effect at the time of appellant's trial generally state a lawyer shall not accept or continue employment [as an advocate before a tribunal] in a contemplated or pending adjudicatory proceeding if he believes he may be a necessary witness to establish an essential fact on behalf of his client. Rule 3.08(a) is now reprinted in Texas Government Code, Title 2, Subtitle G, Appendix A (Vernon Supp.1997) (State Bar Rules, article X, Section 9). It was amended in 1994 to add the bracketed language set out above—"as an advocate before a tribunal."

3. Appellant's grounds for review claim:

"The trial court committed reversible error in overruling appellant's objection to the State calling [the two assistant district attorneys] to testify to the appellant's character, during the punishment phase of trial, where the [witnesses were prosecutors] in the same office as the prosecutor at trial, and where appellant was denied a fair trial."

*in dual roles* ).[4]

The rationale for this holding is Rule 3.08 which is designed primarily to insure the testifying lawyer's *client* is not harmed when this lawyer assumes the dual roles of advocate-witness. See Rule 3.08, comments 1–10; *Stanley,* 880 S.W.2d at 221–22.[5] The main focus of the rule is a recognition of potential harm to the offending lawyer's client when the lawyer assumes dual roles of advocate-witness. See Rule 3.08, comments 2, 3, 9, 10. In these situations where the rule speaks to potential harm to the opposing party, it speaks in terms of "actual prejudice" to the opposing party. See Rule 3.08, comments 4, 8, 10.

The rules do not grant a defendant standing or some "systemic" right to complain about an opposing party's alleged disciplinary rule violations that do not result in "actual prejudice" to the defendant. See Rule 3.08, comment 10. The rules should not be used as a tactical weapon to disqualify opposing counsel for their alleged disciplinary rule violations or to obtain a reversal of a conviction for alleged disciplinary rule violations by opposing counsel unless the defendant can show the alleged disciplinary rule violations by opposing counsel deprived him of a fair trial or otherwise affected his substantial rights. See *Brown,* 921 S.W.2d at 231–32 (Keller, J., concurring in the judgment) (appellant alleged due process violation by prosecutor assuming dual roles of advocate-witness); Rule 3.08, comment 10.

■ Based on the foregoing, it is unnecessary in cases like this to decide whether the State violated Rule 3.08. This is because if a defendant cannot show actual prejudice from an alleged disciplinary rule violation by the State, then he will not be entitled to relief on appeal. If a defendant can make the necessary showing of actual prejudice, then he will be entitled to relief on appeal. In either situation, it is unnecessary for trial and appellate courts to decide whether the State's conduct violated a disciplinary rule. That is the domain of the State Bar.

■ Appellant claims he was deprived of a fair trial when the trial court permitted the two assistant district attorneys to testify at the punishment phase of his trial. However, he failed to raise this claim in the trial court and in the Court of Appeals so we will not address it now. *See Davis v. State,* 870 S.W.2d 43, 47 (Tex.Cr.App.1994).

We affirm the judgment of the Court of Appeals.

OVERSTREET, J., dissents.

MANSFIELD, Judge, concurring.

The record below clearly demonstrates the two assistant district attorneys who testified on behalf of the State at the punishment phase of appellant's trial were not involved in the prosecution of appellant. Neither of the assistant district attorneys was a victim of the offense charged; nor was either a witness as to the commission of the offense. In my opinion, Rule 3.08 was never intended to bar an attorney employed by a district attorney's office from testifying as a witness at a trial where that attorney is not acting as an advocate, i.e., the prosecutor. Rule 3.08, I believe, would forbid an attorney from acting as the prosecutor in a cause where he is the victim or a witness to the commission of the offense.

Furthermore, eleven other witnesses, including federal and state law enforcement officers, testified as to appellant's bad character at the punishment phase. As the State

4. We also note appellant did not seek to disqualify the trial prosecutor from prosecuting the case once he learned the two assistant district attorneys would be testifying at the punishment phase of his trial. See Texas Rules of Appellate Procedure 52(a); Rule 3.08, comment 7.

5. For example, comment 9 to Rule 3.08 sets out the principal purposes of Rule 3.08 neither of which are implicated in this case:

"Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification. As a disciplinary rule it serves two principal purposes. The first is to insure that a client's case is not compromised by being represented by a lawyer who could be a more effective witness for the client by not also serving as an advocate. See paragraph (a). The second is to insure that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the client's cause. See paragraph (b)."

notes in its brief, the court of appeals correctly concluded the testimony of the two assistant district attorneys was merely cumulative. *House v. State,* 909 S.W.2d 214, 217 n. 4 (Tex.App.–Houston [14th Dist.] 1995) (pet. grtd.) Even if one assumes, *arguendo,* the trial court erred in permitting the two assistant district attorneys to testify, this error was harmless beyond a reasonable doubt. Tex.R.App.Proc. 81(b)(2).

Finally, appellant fails to establish the alleged violation of Rule 3.08 affected his substantial rights or deprived him of a fair trial. We recently held reversal of a conviction for an alleged violation of a disciplinary rule is not required unless the appellant can demonstrate said violation either affected his substantial rights or deprived him of a fair trial. *Brown v. State,* 921 S.W.2d 227 (Tex.Crim. App.1996). Having failed to meet the requisite showing required by *Brown,* appellant is not entitled to a reversal of his conviction.

With these comments, I join the opinion of the Court.

BAIRD, Judge, concurring and dissenting.

During the punishment phase of appellant's trial, the State called thirteen witnesses who testified appellant's reputation for being a peaceful and law-abiding citizen was bad. Two of the witnesses were prosecutors employed by the Harris County District Attorney's Office, the office prosecuting appellant in the instant case. Appellant objected on ethical grounds to the testimony of the two prosecutors. The trial judge overruled the objection and permitted their testimony. On appeal, appellant contended the testimony of the two prosecutors violated Texas Disciplinary Rules of Professional Conduct 3.08. The Court of Appeals affirmed. *House v. State,* 909 S.W.2d 214, 216 (Tex.App.—Houston 14th Dist.1995).[1]

I.

The preamble of Texas Disciplinary Rules of Professional Conduct, "A Lawyer's Responsibilities," reads:

> A lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice. Lawyers, as guardians of the law, play a vital role in the preservation of society. The fulfillment of this role requires an understanding by lawyers of their relationship with and function in our legal system. A consequent obligation of lawyers is *to maintain the highest standards of ethical conduct.* (Emphasis added.)

ST RPC Preamble, A Lawyer's Responsibilities.

Lawyers owe a duty of scrupulous honesty, forthrightness and the highest degree of ethical conduct, and inherent in these duties is compliance with both the spirit and the express terms of established rules of conduct and procedure. *Matter of J.B.K.,* 931 S.W.2d 581 (Tex.App.—El Paso 1996). Respect for the canons of ethics is important to ensure the respect and the authority the Judicial system earns from the public. The preamble

1. Rule 3.08 Lawyer as Witness

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client; unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

(c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.

and the cannons do not depend upon which side of the bar the lawyer sits; prosecutors are not immune from the cannons of professional conduct. *State ex rel. Eidson v. Edwards,* 793 S.W.2d 1, 7 (Tex.Cr.App.1990).[2]

## II.

Rule 3.08 prohibits an attorney, or another attorney in the same firm, from acting as an advocate and a witness in the same adjudicatory hearing. The rule treats the actual attorney and his/her associates as one. The intent of the rule is to prevent confusion resulting when an attorney appears at trial as both an advocate for a party and a witness. *See,* TEX. DISCIPLINARY R. PROF. CONDUCT 3.08 cmt. 4 (1989); *and, Anderson Producing, Inc. v. Koch Oil Co.,* 929 S.W.2d 416 (Tex.1996) This confusion is based on the different rolls played by the advocate and the witness.

> A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

TEX. DISCIPLINARY R. PROF. CONDUCT 3.08 cmt. 4 (1989). Additionally, there is a fear that a jury may give undue weight to the attorney's testimony, *see, Warrilow v. Norrell,* 791 S.W.2d 515, 522–523 (Tex.App.—Corpus Christi 1989, writ denied), which may hamper the opposing party in challenging the attorney's credibility. *Anderson Producing, Inc. v. Koch Oil Co.,* 929 S.W.2d 416 (Tex.1996) (Phillips, C.J., dissenting). In her concurring opinion in *Brown v. State,* 921 S.W.2d 227, 231 (Tex.Cr.App.1996), Judge Keller recognized the danger in blurring of the line between the State as an advocate and as a witness:

> The concepts of due process and fundamental fairness require a separation between the State's advocates and its witnesses. The prosecutor who tries a case should not testify as a witness in regard to a contested matter absent a showing that his testimony is necessary. Such necessity generally involves a showing that the testimony is important to the State's case or required to rebut the defendant's case and that the need for the testimony could not reasonably have been anticipated. A prosecutor who tries the case must take reasonable precautions to prevent himself from becoming entangled in the trial as a witness. If, during the middle of trial, the prosecutor's testimony becomes necessary, and the prosecutor does not withdraw from participation, he should never argue his credibility to the jury.
>
> A prosecutor's failure to follow the above principles seriously jeopardizes a defendant's right to a fair trial. This conclusion is grounded upon the "recognition of the power and influence [the prosecutor] exerts" in a criminal prosecution. Moreover, in addition to the danger that the prosecutor's position may artificially enhance the credibility of his testimony, *the prosecutor's participation in closing arguments after the testimony may generate confusion among the jury about whether the prosecutor is speaking as an advocate or as a witness.* (Citations omitted.)

*Brown,* 921 S.W.2d at 231.

Other jurisdictions have dealt with this issue and have looked upon it with disfavor. *E.g., United States v. Trapnell,* 638 F.2d 1016, 1025 (7th Cir.1980) (observing that appearance of prosecutor as witness is improper except in extraordinary circumstances); *United States v. Birdman,* 602 F.2d 547, 552–553 (3rd Cir.1979) (noting courts and especially federal courts universally frown on practice of prosecutor testifying), cert. denied, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980); *United States v. Torres,* 503 F.2d 1120, 1126 (2nd Cir.1974) (prosecutor should not be used as witness unless all other sources of testimony exhausted); *Robinson*

2. In *Eidson v. Edwards,* 793 S.W.2d at 10, Judge Teague, in dissent, wrote:

> ... [Cannon of Ethics] exists simply because public confidence in law and lawyers must not be eroded by irresponsible or improper conduct of a lawyer, or which to a lay person might appear to be irresponsible or improper conduct, even though in reality it may not be improper conduct, but simply have the appearance that it is, which can be just as harmful to the Bench and Bar of this State as a showing of actual improper conduct.

*v. United States,* 32 F.2d 505, 510 (8th Cir. 1928) (practice of prosecutor acting as witness should be disapproved except in most extraordinary circumstances). Rarely should such testimony be permitted and, if the prosecutor testifies, he should then withdraw from any further participation in front of the jury. *E.g., United States v. Johnston,* 690 F.2d 638, 644 (7th Cir.1982). Several reasons have been advanced for this rule:

> First, there is the risk that the prosecutor will not be a fully objective witness[.] ... Second, it is feared that the prestige of a Government attorney's office will artificially enhance his credibility.... A third consideration is that the prosecutor's testifying might "create ... confusion on the part of the jury as to whether he [is] speaking in his capacity of prosecutor or witness." Such confusion ... may result in the fact-finder according testimonial credit to the prosecutor's closing arguments.... [Finally,] the most frequently cited justification for the rule reflects a broader concern for public confidence in the process of justice.

*Birdman,* 602 F.2d at 553–54. *See generally, State v. Rosenbaum,* 852 S.W.2d 525 (Tex.Cr. App.1993) (D.A. disqualified himself because he could be called to testify); *State ex rel. Hilbig v. McDonald,* 877 S.W.2d 469, 472 (Tex.App.—San Antonio 1994) (prosecutor should recuse himself if going to be an interested witness); *Jacobs v. State,* 787 S.W.2d 397, 407 (Tex.Cr.App.1990) (defendant moved to have the district attorney disqualified, but it was harmless because the State never called him to testify during trial); *and,* Ethics Committee Opinion 454 (if D.A. was to be called as a material witness then a special prosecutor should be appointed).

### III.

The majority recognizes the practice of the prosecutor, or an attorney from that prosecutor's office testifying may constitute a due process violation. However, the majority holds that in order to require a reversal, actual prejudice must result from the violation, "[I]f a defendant can make a showing of actual prejudice, then he will be entitled to relief on appeal." *Ante* at 253. However, actual prejudice is not the appropriate standard.

In *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 811, 107 S.Ct. 2124, 2140, 95 L.Ed.2d 740 (1987), the United States Supreme Court held that a "concern for *actual prejudice* ... misses the point, for what is at stake is the public perception of the integrity of our criminal justice system." Therefore, in the case where a prosecutor is pushing the ethical envelope, we look not to the actual prejudice but to the appearance of injustice. The Court went on to hold "justice must satisfy the appearance of justice." *Ibid.* (citing *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954)). The error is fundamental if "... it undermines confidence in the integrity of the criminal proceeding." *Id.,* 481 U.S. at 810, 107 S.Ct. at 2139 (citing *Rose v. Clark,* 478 U.S. 570, 577–578, 106 S.Ct. 3101, 3105–3106, 92 L.Ed.2d 460 (1986)).

Therefore, the majority errs in adopting the actual prejudice standard. The effect of doing so is two fold: first it demonstrates to the bench and bar that the majority is not aware of controlling authority on this point; and, second, it tells the public that lawyers do not have to follow their own ethical canons.

### IV.

Nevertheless, there may be instances where necessity requires either the prosecutor or an attorney from her office to testify. *See e.g., Brown,* 921 S.W.2d at 232 (testimony of prosecutor necessary because unable to locate witness). In such instances the alleged due process violation must be viewed in a different light. *Id.* However, there was no such necessity in the instant case. As noted earlier, eleven other witnesses were avilable and did testify as to appellant's reputation. Therefore, the instant case presents a case where calling the prosecutors was optional. In such cases the following standard applies:

> In the face of a timely due process objection, the prosecutor can opt to not call herself or another attorney in her office as a witness. However, if the prosecutor insists on such testimony and the trial judge

permits the testimony, the prosecutor's office is required to withdraw from the case and the trial judge must appoint a special prosecutor to continue the prosecution.

## V.

In the instant case, appellant did not lodge a timely due process objection. Because he did not, the error was not preserved. With these comments, I join only the judgment of the Court.

MEYERS, J., joins this opinion.