NO. 12-02-00272-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DARRELL RAMON HAMPTON,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 CRIMINAL DISTRICT COURT #1


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS

 

MEMORANDUM OPINION


 Darrell Ramon Hampton ("Appellant") appeals his conviction for robbery, (1) for which he was
sentenced to imprisonment for fifteen years. Appellant raises one issue on appeal. We affirm.


Background

 On January 7, 2002, a man attempted to take Tarrant County Assistant Criminal District
Attorney Lisa Haines's ("Haines") purse. When Haines resisted, the man struck her and absconded with
her purse. As a result of being struck, Haines suffered bodily injury. Police subsequently recovered
Haines's purse and arrested Appellant.

 Appellant was charged with robbery and, prior to trial, filed a motion to disqualify the district
attorney and to assign a special prosecutor. Appellant contended that Haines, as an assistant district
attorney, was employed by the district attorney's office and had co-workers assigned to the case. 
Appellant further argued that he had attempted to conduct plea bargain negotiations, but had only been
offered the maximum sentence of twenty years, which Appellant argued was not justified by the facts
of the case.

 The matter proceeded to trial. At no point did the trial court rule on Appellant's motion to
disqualify, nor did Appellant raise the issue of the court's failure to so rule. Appellant pleaded guilty
and a trial on punishment was held. Ultimately, the jury sentenced Appellant to imprisonment for
fifteen years and this appeal followed.


Motion to Disqualify District Attorney

 In his sole issue, Appellant, citing Texas State Rule of Professional Conduct Rule 3.08, (2) argues
that the trial court erred in denying his motion to disqualify the district attorney. The State of Texas (the
"State") argues that Appellant has waived such an issue. We agree.

 In order to properly preserve a complaint for appellate review, a party must have presented to
the trial court a timely request or motion, which states the specific grounds for the desired ruling. See
Tex. R. App. P. 33.1(a)(1)(A). Furthermore, the record must show that the trial court ruled on the
request, objection, or motion, either expressly or implicitly, or refused to rule and the complaining party
objected to such refusal. See Tex. R. App. P. 33.1(a)(2). Appellant filed his motion to disqualify on
June 5, 2002. From that date forward, the matter was never set for hearing, nor did Appellant otherwise
seek to present the matter to the trial court. Further, Appellant never objected to Haines's testimony
based upon her employment by the district attorney's office, nor did Appellant object to the Tarrant
County District Attorney's Office's continued prosecution of the case after Haines testified. 

 Where an accused files a motion requesting that the trial court take an action, he must secure
a ruling on that motion in order to preserve error for appeal. See Allison v. State, 618 S.W.2d 763, 764
(Tex. Crim. App. [Panel Op.] 1981). Moreover, a complaint that the trial court erred in failing to
disqualify a prosecutor can be waived by failure to obtain an adverse ruling at trial. See Purser v. State,
902 S.W.2d 641, 649 (Tex. App.-El Paso 1995, pet. ref'd). In the case at hand, the record indicates that
Appellant had the opportunity to call the trial court's attention to his motion to disqualify prior to the
commencement of trial, but failed to do so. 

 Moreover, even if Appellant had secured a ruling on his motion, or we had determined that the
trial court impliedly overruled Appellant's request, the outcome of the matter would not change. In his
motion to disqualify, Appellant argued as follows:


 Assistant District Attorney Lisa Haynes [sic] is the injured party in this case. Lisa Haynes [sic]
is employed as an Assistant District Attorney for Tim Curry, who is the elected District Attorney
of Tarrant County. The case is filed through the Tarrant County District Attorneys Office and
assigned to a co-worker of Ms. Haynes [sic].




 Counsel herein has attempted to conduct plea bargain negotiations on behalf of the Defendant
but to date, has been offered only the maximum sentence of 20 years. The defendant in this case
has no adult record on which to justify such an offer.




To the contrary, on appeal, Appellant argues that district attorney should have been disqualified
pursuant to Rule 3.08 and that the court of appeals' decision in Stanley v. State, 880 S.W.2d 219, 221-22 (Tex. App.-Fort Worth 1994, no pet.), holding that prosecutors within the Tarrant County District
Attorney's office can prosecute a case wherein another assistant criminal district attorney was a fact
witness, is distinguishable from the instant case. 

 In the case at hand, Appellant's motion to the trial court neither made reference to Rule 3.08,
nor to the court of appeals' decision in Stanley. Rather, Appellant argued that Haines's employment
by the district attorney's office resulted in unfair plea negotiations between Appellant and the State. 
In order to preserve error for appellate review, a party's complaint on appeal must comport with the
objection made in the trial court. See Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1999) (op.
on reh'g); Tex. R. App. P. 33.1(a)(1)(A). Therefore, we conclude that Appellant, by failing to secure
a ruling on his motion to disqualify prior to trial and by failing to specifically first present to the trial
court the argument he now makes on appeal, has waived such an argument. Appellant's sole issue is
overruled.


Conclusion

 For the reasons set forth above, we hold that Appellant has failed to properly preserve error on
his sole issue. Accordingly, we affirm the trial court's judgment.


 SAM GRIFFITH 

 Justice

Opinion delivered March 25, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



MARCH 25, 2003



NO. 12-02-00272-CR



DARRELL RAMON HAMPTON,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the Criminal District Court #1


 of Tarrant County, Texas. (Tr.Ct.No. 0833542D)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of
the court below Be In All Things Affirmed, and that this decision be certified to the court below
for observance.

 Sam Griffith, Justice.

 Panel consisted of Worthen, C.J. and Griffith, J.









THE STATE OF TEXAS


M A N D A T E


TO THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 25th
day of March, 2003, the cause upon appeal to revise or reverse your judgment between


DARRELL RAMON HAMPTON, Appellant



NO. 12-02-00272-CR and Tr. Ct. Case Number 0833542D



Opinion by Justice Sam Griffith.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed, and that this decision be certified to the court below for observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. See Tex. Pen. Code Ann. § 29.02(a)(1) (Vernon 1994).
2. See Tex. Disciplinary R. Prof'l Conduct 3.08, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G
app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9).