Affirmed and Memorandum Opinion filed July 10, 2003









Affirmed
and Memorandum Opinion filed July 10, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00766-CR

____________

 

LINDA
GARZA
a/k/a LINDA NELSON, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
212th District Court

Galveston County, Texas

Trial Court Cause
No. 01CR0951

 



 

M E M O R A N D U M    O P I N I O N

Appellant pleaded not
guilty to a felony offense of driving while intoxicated.  The jury found appellant guilty and the trial
court assessed three years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  On appeal, appellant complains
that the trial court abused its discretion by failing to bar the State’s
introduction of appellant’ two prior DWI convictions following a stipulation to
those prior convictions.  We conclude appellant
waived her right to appeal this issue and affirm.   








FACTUAL AND PROCEDURAL
BACKGROUND

Appellant pleaded not
guilty to a felony offense of driving while intoxicated.  In open court, but not in the presence of the
jury, appellant orally stipulated to two prior DWI convictions.  The jury was not told about the
stipulation.  During trial, the State
asked that evidence of the two prior convictions be admitted and shown to the
jury.  The trial court admitted this
evidence.  Appellant made no objection to
these admissions.  The State once more
mentioned the two prior convictions in its argument to the jury.  Again, appellant made no objection.  The jury ultimately found appellant guilty
and the trial court assessed three years’ confinement in the Texas Department
of Criminal Justice, Institutional Division.

DISCUSSION

Appellant raises one
point of error:  the trial court erred by
allowing the State to mention appellant=s
two prior DWI convictions following a stipulation to those convictions.  Because there was no preservation of error under Texas law, we
will not reach that issue.

To preserve an error for
appellate review, the record must show (1) the complaint was made to the trial
court by a timely request, objection, or motion that was stated with sufficient
specificity to make the trial court aware of the complaint, unless specific
grounds were apparent from the context, and (2) the trial court either ruled or
refused to rule on the complaint.  Tex. R. App. P. 33.1(a); Ethington v. State, 819 S.W.2d 854,
858 (Tex. Crim. App. 1991).  Likewise,
Texas Rule of Evidence 103(a) requires, in the case of the admission of
evidence, that a substantial right be affected and a timely objection be made
to the trial court.  Tex. R. Evid. 103(a).  Even constitutional error may be waived if a
timely objection is not made.  Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).  Here, appellant did not object when either of
the prior two convictions were admitted into evidence or when the prosecutor mentioned
them in the State’s case-in-chief.








Appellant did file a
motion for a new trial alleging that “[t]he verdict in this cause is contrary
to the law and the evidence.”  However, a
motion for a new trial cannot be used to preserve error in a criminal case if
the party could have objected at the time of the alleged error, but failed to
object.  Maxwell v. State, 115
S.W.2d 937, 939 (Tex. Crim. App. 1938);  See
also Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)
(holding that motion for a new trial can be used to raise point of error
for  first time only when party did not
have opportunity to object at time objectionable action was taken).  “In order to preserve error for appellate
review, a party must object as soon as the ground of objection becomes
apparent.”  House v. State, 909
S.W.2d 214, 216 (Tex. App.CHouston
[14th Dist.] 1995), aff’d, 947 S.W.2d 251 (Tex. Crim. App. 1997).  Appellant has failed to make any showing that
she was denied the ability to object as soon as the ground for objection became
apparent.

We find that appellant
has waived any right to appeal and affirm the judgment of the trial court.

 

/s/        Wanda McKee
Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 10, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do
Not Publish C Tex. R. App. P. 47.2(b).