IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0561-02






ALFONSO GONZALEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Hervey, J., filed a dissenting opinion in which Johnson and Keasler, JJ.,
joined.



DISSENTING OPINION 



 This case is a reminder of what the right to counsel provision of the Sixth Amendment was originally
designed to accomplish. Before the United States Supreme Court decided that the Sixth Amendment's
right to counsel provision required the government to insure that criminal defendants have the effective
assistance of counsel under the rationale that criminal defense lawyers contribute to a search for the truth, (1)
this right to counsel provision was originally understood as only prohibiting the government from interfering
with a defendant's right "to employ a lawyer to assist in his defense." See Scott v. Illinois, 99 S.Ct. 1158,
1160-61 (1979); Hernandez v. State, 988 S.W.2d 770, 773 (Tex.Cr.App. 1999); W. Beaney, The
Right To Counsel In American Courts, at 27-33, 226 (1955) (Sixth Amendment's right to counsel
provision originally intended as nothing more than guaranteeing the right to retain counsel, and before 1938
"no responsible authority, scholarly or judicial" claimed otherwise). In this case, the government interfered
with appellant's basic right to employ a lawyer to assist in his defense by having appellant's retained counsel
of choice removed from the case.

 The Court, however, decides that the government could do this under our decision in House v.
State, 947 S.W.2d 251 (Tex.Cr.App. 1997). We decided in House that the defendant lacked standing
to complain about the opposing party's violation of the same advocate/witness rule at issue in this case
(Rule 3.08) unless the defendant could show that this disciplinary rule violation resulted in "actual prejudice"
to him. See House, 947 S.W.2d at 253. The rationale for this is that a violation of the advocate/witness
rule usually results in harm to the client and not to the opposing party, so a criminal defendant should not
be permitted to use the rule as a sword to obtain a reversal of his conviction for the other party's
disciplinary rule violations that do not harm the defendant. See id. (2)

 The Court decides that the government was entitled to remove appellant's retained lawyer under
our decision in House because the government proved that it would suffer "actual prejudice" from
appellant's lawyer testifying at trial. (3) Although I agree generally with much of the discussion in the
dissenting opinion of the Court of Appeals, I will nevertheless assume that the trial court was entitled to find
that appellant's retained lawyer would be a "key witness" on the "witness tampering" issue which could
have been (although it did not turn out to be) an important issue bearing directly on appellant's guilt. (4)

 The government's claim that this would have resulted in "actual prejudice" to the government boils
down to possible "juror confusion" that might have resulted in a mistrial. The possibility that jurors would
be confused by key testimony from appellant's retained lawyer bearing directly on appellant's guilt,
however, is insufficient by itself to trump the Sixth Amendment's original core protection of prohibiting the
government from interfering with a defendant's right to employ a lawyer to assist in his defense. And,
consistent with the first stated purpose of rule 3.08 (set out in comment 9 to the rule), it appears that
appellant (and not the government) was more likely to suffer actual prejudice from any juror confusion over
appellant's retained lawyer testifying for appellant on a key issue in the case.

 Appellant, of course, waived his right to complain about any of this prejudice in either a motion for
mistrial or in support of an ineffective assistance of counsel claim since appellant insisted on his retained
lawyer representing him despite the potential for the lawyer's violation of the advocate/witness rule. If
appellant wanted to hire a lawyer who would compromise appellant's case by testifying at trial, then that
was appellant's choice, a choice backed up by the Sixth Amendment to the United States Constitution. (5)

 I would decide that the government's removal of appellant's retained lawyer violated appellant's
Sixth Amendment right to counsel. This would require that the judgment of the Court of Appeals be
reversed and the case remanded to the trial court for a new trial since this is a "structural" defect that is not
subject to a harm analysis. See Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991); Cain v. State,
947 S.W.2d 262, 264 (Tex.Cr.App. 1997).

 I respectfully dissent.


 Hervey, J.

Filed: October 8, 2003

Publish


1. See Williams v. Taylor, 120 S.Ct. 1495, 1513 n.17 (2000) (citing Justice Powell's concurring
opinion in Kimmelman v. Morrison for the proposition that the "prejudice" component of the constitutional
effective assistance of counsel test "focuses on the question whether counsel's deficient performance
renders the result of the trial unreliable or the proceeding fundamentally unfair"); Kimmelman v. Morrison,
106 S.Ct. 2574, 2593-94 (1986) (Powell, J., concurring in the judgment) (defendant not prejudiced by
counsel's failure to file meritorious motion to suppress that would have changed the result of the proceeding
because this did not affect the reliability of the determination of the defendant's guilt); see also Lockhart
v. Fretwell, 113 S.Ct. 838, 842 (1993) (right to effective assistance of counsel is not recognized "for its
own sake" and absent some effect of counsel's challenged conduct on the reliability of the trial process,
the Sixth Amendment guarantee is generally not implicated and ineffective assistance of counsel prejudice
analysis "focusing solely on mere outcome determination, without attention to whether the result of the
proceeding was fundamentally unfair or unreliable, is defective"); United States v. Cronic, 104 S.Ct.
2039, 2045 (1984) (counsel's functioning in a meaningful adversarial role "will best promote the ultimate
objective that the guilty be convicted and the innocent go free"); Strickland v. Washington, 104 S.Ct.
2052, 2064 (1984) (defendant alleging prejudice from counsel's deficient performance must show "that
counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable")
and at 2077 (Marshall, dissenting) (complaining that the majority opinion rested on the rationale "that the
only purpose of the constitutional guarantee of effective assistance of counsel is to reduce the chance that
innocent persons will be convicted"). 
2. Comment 9 to Rule 3.08 states that Rule 3.08 "sets out a disciplinary standard and is not well
suited to use as a standard for procedural disqualification" because its two principal purposes protect the
client (not the opposing party). These purposes are: 1) not to compromise the client's case "by a lawyer
who could be a more effective witness for the client by not also serving as an advocate," and 2) "to insure
that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the
client's purpose."

 Comment 10 to Rule 3.08 states that Rule 3.08 "may furnish some guidance in those procedural
disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself
resulting from the opposing lawyer's service in the dual roles." Comment 10 further states that "a lawyer
should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness." In this
case, however, the trial court apparently was entitled to find that there was a very real possibility that it
would have been necessary for the government to call appellant's lawyer as a witness on a key issue in the
case.
3. This assumes that the government's ability to show "actual prejudice" to the government from
appellant's lawyer testifying at appellant's trial trumps appellant's basic Sixth Amendment right to employ
a lawyer to assist in his defense. This was not a consideration in House since the government has no Sixth
Amendment right to counsel and it was the defendant who was complaining about the government's
violation of the advocate/witness rule. 
4. The dissenting opinion in the Court of Appeals determined that the evidence did not support a
finding that appellant's retained lawyer was a "key witness" on the "witness tampering" issue. See
Gonzalez v. State, 63 S.W.3d 865, 884 (Tex.App.-Houston [14th Dist.] 2001) (Amidei, J., dissenting
on reh'g).
5. It is, of course, well settled that a defendant who cannot afford to hire a lawyer does not have the
"right to counsel of his own choosing." See Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.Cr.App.
1992).