Affirmed and Majority and Concurring Opinions filed March 30, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00027-CR

___________________

 

William Edward Dreyer, Appellant

 

v.

 

The State of Texas, Appellee



 



 

On
Appeal from the 284th District Court

Montgomery County,
Texas



Trial Court Cause No. 08-04-03478 CR

 



 

 

CONCURRING OPINION

The
Court today reaches the correct result.  I write separately only to note my
concern about what should have been, but apparently was not, a threshold issue
– whether the prosecutor should have testified at all in this case.  This issue
is neither novel nor unique; instead, courts have over time consistently
expressed serious concerns about prosecutors as witnesses.[1]  See, e.g.,
United States v. Birdman, 602 F.2d 547, 551–55 (3d Cir. 1979) (echoing disapproval,
stated repeatedly by other courts, of the practice of serving as both
prosecutor and witness).  Generally, when the practice has been allowed
elsewhere, it has been only for compelling reasons in extraordinary
circumstances.  See id. at 553.  This case clearly does not fit within
that category because the record does not suggest any compelling reason
for one of the prosecutors, who had served as an advocate in the case, to
testify on a subject about which she had no personal knowledge.  

I.

In this case, appellant
testified that he sincerely sought treatment and rehabilitation, in lieu of
incarceration, for an admitted drug addiction.  The State, in opposition to
this request, sought to admit evidence of a contradictory statement allegedly
uttered by appellant while in the custody and presence of sheriff’s deputy
Steve Thompson.

The State presumably
could have avoided the hearsay and Confrontation Clause issues raised in this
appeal simply by calling Deputy Thompson to repeat the remarks he allegedly
overheard.  That is, the record does not suggest Thompson was unavailable to
testify.[2] 
Instead, the State decided to call two other witnesses who had no personal
knowledge about appellant’s alleged statement, including a prosecutor who had
served as an advocate for the State throughout the case.  The State recognized
that calling one of its prosecutors to the stand was “out of the ordinary” but
promised its advocate-witness, Barry Rienstra, would only “set[] up for [sic] a
predicate” and would not “testify to the specifics about the case.”  

It never became clear
what, if any, evidentiary predicate was to be uniquely achieved by using
Rienstra as a witness.  Instead, despite the absence of personal knowledge, the
prosecutor-witness did testify about the specifics of the alleged statement in
which, according to Thompson, appellant indicated his intent to continue with
illegal drug activity if given probation.  

Even if that hearsay testimony
could be considered vital to the State’s case for punishment, however, the
State failed to prove Rienstra was an appropriate witness – much less the only
one – who could offer it.  Thus, the record does not justify the decision to
allow one of the prosecutors to testify as a witness.

II.

Moreover, there are
multiple reasons why prosecutors should not serve in the dual role of advocate
and witness.  First, the tasks are inherently inconsistent because “the
function of an advocate is to advance or argue the cause of another, while that
of a witness is to state facts objectively.”  Model Code of Prof’l Responsibility
EC 5-9 (1978), quoted in Birdman, 602 F.2d at 551.  Thus, serving in
both roles in the same case could confuse the trier of fact[3] as to whether (and
when) the prosecutor is acting in the capacity of advocate, as opposed to
witness.  See Birdman, 602 F.2d at 554; Tex. Disciplinary R.
Prof’l Conduct 3.08 cmt. 4, reprinted in Tex. Gov’t Code Ann., tit. 2,
subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9) (“It may not be
clear whether a statement by an advocate-witness should be taken as proof or as
an analysis of the proof.”).

Second, a prosecutor may
be unable to participate as a fully objective witness to the extent his
interests are aligned with only one of the parties – the State.  See Birdman,
602 F.2d at 553.  And this is a concern coupled with serious risk.  An
experienced prosecutor with an interest in the outcome would be both poised and
motivated to wreak maximum strategic damage to the opposition, if permitted to
testify.  This concern is magnified not only by the serious liberty interests
at stake, but also the widely-held perception that a prosecutor, not unlike
other law-enforcement officials, may have enhanced credibility with the
public.  Id. at 553–54.  Thus, the adverse consequences of a
prosecutor’s testimony can be significant.

Third, the prospect of a
prosecutor testifying against the accused raises the appearance of impropriety:

[T]he most frequently cited justification for the
[advocate-witness] rule reflects a broader concern for public confidence in the
process of justice.  The chief fear which underlies the ethical rule . . . is
not that the testifying prosecutor actually will overreach a hapless defendant,
but that he will [a]ppear to a skeptical public to have done so. . . . 
Particularly where the lawyer in question represents the prosecuting arm of the
Government, the ethical rule serves to implement the maxim that “justice must
satisfy the appearance of justice.”

Id.
at 554 (citations omitted).  It also places a prosecutor in the presumably very
uncomfortable – and optically questionable – role of advocating her own
credibility or that of a colleague.

III.

Perhaps the most
troubling aspect of cases like this one, however, is that it can be difficult
to gauge the full impact of the sudden transformation of a prosecutor from
advocate into witness because some of the effects may be pervasive.  Some are
transparent, even in a case with a limited record like this one.  Here, for
example, the trial court and parties grappled with how to apply Texas Rule of
Evidence 614, which requires the exclusion of witnesses from the courtroom “so
that they cannot hear the testimony of other witnesses,” to a prosecutor who already
sat through – and participated in – the entire trial.[4]  See Tex.
R. Evid. 614.

Some effects, however,
are more difficult to quantify, such as the impact of the prosecutor’s decision
to testify on defense strategy.  Here, although defense counsel voiced
concerns, he did not formally object to Rienstra’s testimony and made no effort
to cross-examine her.  To what extent, if any, should we attribute counsel’s
reticence to a concern that the advocate-witness might later participate in,
and even influence, important prosecutorial decisions directly and
adversely affecting his client?  One can only speculate.

No guesswork is needed,
however, to conclude that there was relatively little hesitation by the State
in calling – or by the trial court in allowing – Rienstra to testify.  The
court made no inquiry as to the purpose or scope of the prosecutor’s intended
testimony.[5] 
No one asked about Deputy Thompson’s availability – which could have obviated
any need for the prosecutor’s testimony – or otherwise questioned the wisdom or
necessity of calling Rienstra as a witness.

In part, this may be due
to the current Texas standard, which requires a defendant to show actual
prejudice to obtain reversal of a conviction supported by the prosecutor’s
testimony.  See House v. State, 947 S.W.2d 251, 253 (Tex. Crim. App.
1997).  Particularly where the effects of a prosecutor’s testimony may be
insidious and unquantifiable, this standard provides minimal prospective
guidance to judges and lawyers to set the outer limits of appropriate prosecutor
testimony.[6] 
Further, the standard provides little disincentive for this unfortunate
practice.

The scene of one
prosecutor calling another as a witness on a material and disputed fact issue
is not a pretty sight.  At a minimum, it may leave the impression that the
State has placed its thumb on the scales of justice.  As such, absent a showing
that the testimony is necessary and unavailable from another source, unlike
here, we simply should not allow this practice.[7]

Accordingly, I
respectfully concur.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.  (Frost, J., majority) 

Publish
— Tex. R. App. P. 47.2(b).









[1] The Texas Disciplinary
Rules of Professional Conduct also generally discourage the use of lawyers as
witnesses.  See Tex. Disciplinary R. Prof’l Conduct 3.08(a), reprinted
in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State
Bar R. art. X, § 9).  Those rules also acknowledge the special obligations of
prosecutors to ensure not only that justice is served but also that the
appearance of justice is maintained.  See Tex. Disciplinary R. Prof’l
Conduct 3.08, 3.09 & cmt. 1 (“A prosecutor has the responsibility to see
that justice is done, and not simply to be an advocate.”); see also Model
Rules of Prof’l Conduct R. 3.8 cmt. 1 (“A prosecutor has the responsibility of
a minister of justice and not simply that of an advocate.”).





[2] Counsel for the State
implied, at one point, that Thompson may not have been employed by the
sheriff’s department as of the time of trial, but his status and whereabouts
were never made clear.  Whatever his job status at the time, however, there was
no suggestion that he was unavailable to testify.





[3] Presumably, this concern
is somewhat diminished in cases, as here, tried to the judge rather than a
jury.





[4] Defense counsel was
forced to concede the point:  “I think it’s too late for [the Rule] now.  She’s
been in here the whole time [and already heard other witnesses testify].”





[5] Because this case was
tried to the bench rather than a jury, there may have been fewer concerns about
the potential for prejudice to the factfinder.





[6] We note that both the
Texas Supreme Court and Texas Court of Criminal Appeals have struggled in the
past to reach a consensus about the proper handling of this advocate-witness
issue.  See Anderson Producing Inc. v. Koch Oil Co., 929 S.W.2d 416
(Tex. 1996) (5-4 decision); Brown v. State, 921 S.W.2d 227 (Tex. Crim.
App. 1996) (5-4 decision); see also House v. State, 947 S.W.2d 251 (Tex.
Crim. App. 1997) (6-3 decision).





[7] Even then, a prosecutor
who must testify should withdraw from further participation in the trial.  See
Birdman, 602 F.2d at 553 & n. 18.