Steven Harry Powers v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-046-CR

STEVEN HARRY POWERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

A jury found Appellant Steven Harry Powers guilty of driving while intoxicated (DWI), and the trial court sentenced him to 150 days in jail, probated for two years, and imposed a $750 fine.  The primary issue we address in this appeal is whether the trial court erred by overruling Powers’s objection to the dual roles played in this case by attorneys in the district attorney’s office: prosecutor and witness.  Because we hold that Powers satisfied his burden of showing the dual roles performed by assistant district attorneys in this case deprived him of a fair trial or otherwise affected his substantial rights
, we will reverse and remand.

II.  
Background Facts

On August 27, 2001, at approximately 9:30 p.m., Shannon Serrano, a cashier at a Texaco station located at 501 Avenue H in Arlington, Texas, looked out the gas station window and noticed a white car speeding down the adjacent road.  Shortly thereafter, Serrano heard a crash and observed that the same white car had crashed into a traffic pole.  Serrano immediately called 911 to report the accident.  

Officer Samuel Williams and Officer Greg Dickerman, police officers for the City of Arlington during that time, responded, in separate vehicles, to the accident.  After arriving at the intersection of Avenue H and Watson Road
, the officers observed a white Chevy Corsica that had crashed into a pole. Paramedics at the scene were already in the process of examining Powers, the sole occupant of the vehicle, for possible injuries as a result of the crash. After the paramedics finished examining Powers, both officers questioned him about the accident.  During this time, Powers admitted that he was the driver of the wrecked vehicle.  Officer Williams noticed that Powers’s balance appeared unsteady, and he “smelled a strong odor of alcoholic beverage on [Powers’s] breath” as he spoke with Powers.  Officer Dickerman also noticed the smell of alcohol emanating from Powers’s breath, and he observed that Powers’s eyes appeared watery and his speech appeared slurred.  As a result, the officers asked Powers if he had been drinking, and Powers admitted to consuming alcohol before the accident.  Officer Williams then discovered in Powers’s vehicle 
a 12-ounce styrofoam cup containing the remnants of “some type of mixture of drinks [that] smelled of strong odor of alcoholic beverage.” Suspecting that Powers might be intoxicated, Officer Williams administered the horizontal gaze nystagmus (HGN) test to Powers.  According to Officer Williams, Powers exhibited all six indicia of intoxication.  Powers then advised Officer Williams that he felt dizzy and requested medical attention.  Officer Williams called emergency personnel back to the scene and told Powers that he was under arrest. 

Emergency personnel returned to the scene of the accident and transported Powers to the hospital for medical treatment.  Officer Williams followed the ambulance in his police vehicle.  While in the emergency room, Officer Williams asked Powers to submit to the taking of a blood specimen and read Powers the required statutory warnings advising him of the consequences of refusing to submit to the taking of such a specimen.
(footnote: 1)  
See 
Tex. Transp. Code Ann.
 § 724.015 (Vernon Supp. 2004).  Powers refused to provide a blood specimen.  After Officer Williams completed the requisite paperwork for a DWI case, he released Powers from custody with the DWI arrest pending.  Powers was subsequently arrested and charged with DWI.

At the time of trial, Officer Williams was no longer employed as an Arlington Police Officer.  Instead, he worked as a misdemeanor prosecutor for the Tarrant County District Attorney’s Office, the same office prosecuting Powers on the DWI charge.  When the State called Williams as a witness, he testified on direct examination concerning his change in employment status. Powers immediately objected to Williams’s testimony and moved for a mistrial, seeking to disqualify the Tarrant County District Attorney’s Office from the case because Williams, a material witness, was a member of the office.
(footnote: 2)  The trial court stated that it was taking the issue under advisement until the following morning, but allowed the State to continue presenting its case in chief, including resuming its examination of Williams as a fact witness. 

The following morning, Powers presented further argument in support of his motion for a mistrial, focusing on the conflict of interest raised by permitting members of the Tarrant County District Attorney’s Office to both prosecute Powers and to testify against Powers.  Powers argued, in part, 

As the Court knows, the Rules of Evidence prohibit attorneys from expressing their own personal opinions about the merits of the case.  [The prosecutors] can’t get up in front of the jury and say: I believe, you know, the defendant is guilty.  You should find him guilty.  We all know that’s a prohibited comment.  So we’re only half a step away from that when we call his witness who works for Tarrant County.  Obviously, witnesses can have opinions.  Okay. So we have - - We have the witness, fellow employee, essentially doing the same thing, except he happens to have the hat of witness after being introduced as an assistant DA.

Powers pointed out that Williams was assigned to prosecute DWI cases in County Criminal Court Number One, that the misdemeanor prosecutors were supervised by Richard Alpert, and that one of the assistant district attorneys prosecuting Powers was also assigned to that court.  As a result, Powers contended that “we don’t just have his [Williams’s] immediate supervisor calling him as a witness, we have his partner [in County Criminal Court Number One] calling him as a witness.”  Powers argued that he suffered harm from the State’s presentation of Williams as a fact witness because, by calling its own prosecutor as a witness, the Tarrant County District Attorney’s Office was essentially vouching for Williams’s credibility, and as a result, the jury might give undue weight to Williams’s testimony.
(footnote: 3)  Powers also asserted that his right to a fair trial should trump any inconvenience arising from requiring the State to hire a visiting or special prosecutor when a material witness is a member of the prosecuting office.  After Powers concluded his argument, the trial court denied his request for a mistrial, but the court specifically instructed the State to refrain from any further reference to Williams’s position as a prosecutor for Tarrant County.  Thereafter, the jury found Powers guilty of the offense of DWI.  This appeal followed.

III.  Dual Roles of the District Attorney’s Office

In his first point, Powers contends that the trial court erred by allowing members of the Tarrant County District Attorney’s Office to both prosecute Powers and to testify against Powers.  The State, however, maintains that the trial court did not err because Powers has not met his burden to demonstrate that he was deprived of a fair trial or that his substantial rights were affected 
by the dual role played by the district attorney’s office.

A. Standard of Review

Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct outlines when a lawyer, or another lawyer in the same firm, may assume dual roles of an advocate and a witness in the same adjudicatory proceeding.  
Tex. Disciplinary R. Prof’l Conduct
 3.08, 
reprinted in
 
Tex. Gov’t Code Ann.
, tit. 2, subtit. G app. A (Vernon 1998) (
Tex. State Bar R.
 art. X, § 9); 
see Gonzalez v. State
, 117 S.W.3d 831, 837-38 (Tex. Crim. App. 2003).  Rule 3.08 states:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.  

 . . . . 

(c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. 

Tex. Disciplinary R. Prof’l Conduct
 3.08 (a), (c).  Alleged disqualification under rule 3.08 does not entitle an appellant to relief on appeal unless the appellant can demonstrate actual prejudice
 resulting from the opposing party’s service in the dual roles of advocate and witness.  
Id.
 cmt. 10; 
Gonzalez
, 117 S.W.3d at 837.

The court of criminal appeals has held that the actual prejudice requirement is satisfied by a showing 
that the 
opposing party’s service in the dual roles of advocate and witness
 
deprived the defendant of a fair trial or otherwise affected his substantial rights.  
See Gonzalez
, 117 S.W.3d at 837-38 (applying actual prejudice test to the State); 
House v. State
, 947 S.W.2d 251, 253
 
(Tex. Crim. App. 1997) (applying actual prejudice the test to a defendant). 
The issue therefore is whether Powers has demonstrated actual prejudice, that is, that the dual roles played by the district attorney’s office in this case deprived him of a fair trial or affected his substantial rights.  
See House
, 947 S.W.2d at 253; 
Brown v. State
, 921 S.W.2d 227, 230 (Tex. Crim. App. 1996).

B. Testimony by Williams

Immediately after Williams took the stand to testify, the State called attention to his status as a member of the prosecuting office: 

[PROSECUTOR]:  Sam, how are you employed?

[WILLIAMS]:  I’m currently employed as an assistant district attorney for Tarrant County.

[PROSECUTOR]:  Is that the same office that myself and [the other prosecuting district attorney] works for?

[WILLIAMS]:  Yes, it is.

[PROSECUTOR]:  Are you assigned, likewise, to the misdemeanor section like myself and [the other prosecuting district attorney] are?

[WILLIAMS]:  Yes, I am.

[PROSECUTOR]:  Are we friends?

[WILLIAMS]:  Yes, we are.  

[PROSECUTOR]: Now, Sam, before we go any further, I want to get something straight now.  With your relationship with us, with your knowledge with us--

[DEFENSE COUNSEL]:  I object, Your Honor.  May we approach the bench?

Prior to this time, the jury was unaware that Williams was no longer a police officer or that he was a member of the prosecuting office.  

Thereafter, during his testimony, Williams provided a large portion of the State’s evidence to prove a contested element of the charged offense—Powers’s intoxication at the time of the accident.
(footnote: 4)  For example, Williams testified that he was the primary officer assigned to Powers’s case and that he believed, based on his investigation and his contact with Powers, that on the evening of August 27, Powers was intoxicated and had lost the normal use of his mental or physical capabilities by reason of the introduction of alcohol into his body.  Through Williams, the jury also heard testimony that Powers’s breath smelled of alcohol after the accident, that Powers exhibited all six indicia of intoxication when given the HGN test, that Powers admitted to drinking prior to the accident, that Williams recovered a styrofoam cup containing some alcoholic mixture from Powers’s vehicle at the scene of the accident, and that Powers refused to submit a blood specimen after being asked to do so.

C.   Actual Prejudice: Did Dual Roles Deprive Powers of a Fair Trial or Affect His Substantial Rights?

Powers asserts that the Texas Court of Criminal Appeals’s recent decision in 
Gonzalez
 controls the disposition of his appeal.  117 S.W.3d 831.  We agree. In 
Gonzalez
, the Court of Criminal Appeals held that the trial court properly granted the State’s pretrial motion to disqualify defense counsel.  
Id.
 at 840-41. In that case, defense counsel was a key witness, having personal knowledge of a contested matter bearing directly on his client’s guilt.  
Id.
 at 838.  The court of criminal appeals held that the State would suffer actual prejudice if defense counsel were permitted to perform the dual roles of fact witness and attorney because the jury could potentially attach undue weight to his testimony, hampering the State’s ability to adequately challenge his credibility as a witness.  
Id
. at 840.  The court also expressed concern that defense counsel’s dual roles as both an advocate and a witness would unfairly prejudice the State because the jury would not know “whether to interpret his statements as evidence or as an analysis of the evidence.”  
Id
. at 841.  Consequently, the court held that the State established actual prejudice because confusion resulting from counsel’s dual roles would most likely have substantially affected the jury’s verdict.  
Id
. at 840.

Although 
Gonzalez 
involved a situation where defense counsel assumed dual roles, the court of criminal appeals’ 
actual prejudice analysis in that case demonstrates the type of dual-role problems the court views as unfairly impacting a trial.  The dual-role problems present in 
Gonzalez
 are the same dual-role problems present in this case.  In the instant case, as in 
Gonzalez
, Williams, a member of the prosecuting office, was a key witness, having personal knowledge of a contested matter bearing directly on Powers’s guilt—his intoxication at the time of the accident.  Therefore, Williams’s credibility as a fact witness was clearly at issue during the trial, just as Gonzalez’s counsel’s credibility would have been at issue.  
See also Hammett v. State
, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986) (stating that a witness puts his veracity at issue merely by taking the stand).  Moreover, because during trial the State called attention to the fact that Williams was an assistant district attorney, it is as likely that the jury attached undue weight to his testimony as it is that the jury in 
Gonzalez 
would have attached undue weight to defense counsel’s testimony.  
Gonzalez
, 117 S.W.3d at 840;
 see also United States v. Birdman
, 602 F.2d 547, 553 (3rd
 Cir. 1979) (recognizing that a prosecutor’s position as a government attorney may artificially enhance his credibility as a witness). Because the jury was conscious of Williams’s heightened status as both a member of the prosecuting office and a witness, Powers was hampered in effectively challenging Williams’s credibility to the same extent the State was hampered in 
Gonzalez
.  
117 S.W.3d at 840; 
see also Wisdom v. State,
 No. 10-02-00171-CR,
 
2004 WL 691678, at *4 (Tex. App.—Waco Mar. 31, 2004, no pet. h.) (holding a defendant demonstrates actual prejudice from the denial of a motion for continuance when he shows a resulting inability to effectively cross-examine a State's witness); 
Bert Wheeler’s, Inc. v. Ruffino
, 666 S.W.2d 510, 513 (Tex. App.—Houston [1
st
 Dist.] 1983, no pet.) (noting that an attorney’s dual role as an advocate and a witness may handicap opposing counsel’s ability to effectively impeach him).  To a lesser degree than 
Gonzalez
,  this case also raises the issue that the jury could be confused whether Williams was testifying based on information he learned on the night of the offense, or subsequently as a member of the district attorney’s office prosecuting Powers.
 Gonzalez
, 117 S.W.3d at 840; 
see also 
Tex. Disciplinary R. Prof’l Conduct
 3.08 cmt. 4.
 

A dual-role problem also exist in this case that was not present in 
Gonzalez
.  Because Williams, the primary fact witness for the State, worked for the same office that was prosecuting Powers, an appearance of lack of objectivity concerning his testimony is possible.
(footnote: 5)  Powers argued this point, “we don’t just have his [Williams’s] immediate supervisor calling him as a witness, we have his partner [in County Criminal Court Number One] calling him as a witness.”  
Allowing members of the same district attorney’s office to both prosecute a case and to provide controlling testimony on a controverted matter directly bearing on a defendant’s guilt could potentially undermine public confidence in the integrity of the judicial process.  
Accord Birdman
, 602 F.2d at 554 (recognizing that “justice must satisfy the appearance of justice”).

Thus, we hold that Powers demonstrated actual prejudice from the dual roles played by the district attorney’s office: the hampering of his ability to challenge Williams’s credibility on cross examination; the likelihood that the jury would give extra credibility to Williams’s testimony because he was with the district attorney’s office prosecuting Powers; the concern that the jury could be confused as to whether Williams was testifying to facts as a fact witness or based on information learned in his capacity as an assistant district attorney; and the concern that the appearance of justice is not served when a witness’s immediate supervisor and partner are responsible for calling the witness and presenting the witness’s testimony.  Because the court of criminal appeals held in 
Gonzalez
 that these types of dual-role problems concerning a material fact witness would unfairly impact the trial and have a substantial and injurious effect or influence on the jury’s verdict, we reach the same conclusion here.
(footnote: 6) 
See Gonzalez
, 117 S.W.3d at 840; 
see
 
also
 
Tex. R. App. P.
 44.2(b).

The State cites this court’s decision in 
Stanley v. State 
to support its contention that Powers has not demonstrated sufficient prejudice to entitle him to relief in the instant case.  880 S.W.2d 219 (Tex. App.—Fort Worth 1994, no pet.).  In 
Stanley
, a Tarrant County Assistant District Attorney testified as a fact witness against a defendant who was ultimately convicted of burglarizing her home.  
Id
. at 220.  
W
e are unpersuaded that 
Stanley
 controls the outcome of this case for several reasons.  First, we delivered the 
Stanley 
decision well before the court of criminal appeals’s decision in 
Gonzalez.  
Second, although the appellant in 
Stanley 
complained on appeal that a member of the district attorney’s office could not prosecute a case in which another district attorney from the same office was the complainant and a fact witness, this court held that the appellant waived this complaint because he did not object at trial to the dual-role participation of the district attorney’s office.  
Id
. at 220.  Finally, although this court nonetheless in dicta addressed the appellant’s unpreserved dual-role complaint, we held only that the Texas Disciplinary Rules did not as a matter of law preclude one lawyer from a district attorney’s office from prosecuting a case where another lawyer from the same office would testify as a fact witness and that the appellant 
failed to demonstrate sufficient prejudice in order to entitle him to relief based on the State’s dual-role participation in that case.  
Id.
 at 221-22. 

We do not retreat in this case from our holding in 
Stanley
.  We again hold that the Texas Disciplinary Rules do not per se preclude assistant district attorneys within a single office from assuming dual roles of advocate and  witness in the same adjudicatory proceeding.  But here, unlike in 
Stanley
, Powers 
has
 met his burden of demonstrating actual prejudice from the dual roles of the prosecuting office.  
See Gonzalez
, 117 S.W.3d at 840-41 (explaining actual prejudice).

Because Williams’s testimony provided the majority of the evidence tending to prove Powers’s intoxication at the time of the accident and because Powers presents not only the same dual-role problems as those raised by the State and addressed by the court of criminal appeals in 
Gonzalez
, 
but an additional problem as well, we are persuaded that the State’s service in the dual roles of advocate and witness in this case affected Powers’s substantial rights or deprived him of a fair trial.  
See
 
Gonzalez
, 117 S.W.3d at 840-41; 
see also 
Tex. R. App. P.
 44.2(b)
.  Consequently, we must sustain Powers’s first point. 
IV.  Conclusion

Having sustained Powers’s first point,
(footnote: 7) we reverse the trial court’s judgment and remand the case for a new trial.  

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED: July 1, 2004

FOOTNOTES
1:
The record contains State’s Exhibit #1, a document entitled “Statutory Warning” that Officer Williams utilized in advising Powers.

2:
Powers’s counsel advised the trial court that he was not informed before trial that Williams was now an assistant district attorney with the Tarrant County District Attorney’s Office.  Powers maintained that, had he known of Williams’s employment status before trial, he would have filed a pretrial motion to disqualify the entire office from prosecuting the case.  The State did not dispute at trial Powers’s lack of knowledge of Williams’s new employment, nor does the State do so on appeal. 

3:
Specifically, Powers argued:

So what’s the harm to us?  The harm to us is the DA gets to argue something that they don’t get to argue if they have a different DA; and that is, this person is not just a DA, this person is our DA.  This is my coworker, therefore, he’s entitled to extra belief because it’s my credibility on the line now because I hired him.  That’s the harm.  The harm is he gets more credibility because we somehow made this decision to hire him.

4:
Officer Greg Dickerman also testified for the State.  He thought Powers was intoxicated, but his primary function at the scene was “to work the accident that we were initially dispatched to.”

5:
In 
United States. v. Treadway
, the court emphasized this concern stating,

It is obvious that the opportunity for tailoring a witness's testimony to the needs of the Government’s case is maximized if recourse is permitted to the testimony of an experienced trial attorney who is interested in the successful presentation of that case. Especially in criminal litigation, where so much is at stake for the defendant, must the Bench and Bar demand adherence to a principle that is designed to ensure objectivity in the presentation of evidence.

445 F.Supp. 959, 960 (N.D. Tex. 1978).

6:
In fact, Williams was a more important witness than Gonzalez’s attorney was in the 
Gonzalez
 case.  Here, there was little direct evidence of Powers’s guilt
 other than Williams’s testimony.  During closing argument, the State instructed the jury to “focus on [Williams’s] testimony” when discussing the evidence of Powers’s intoxication.  

7:
Because our holding regarding Powers’s first point disposes of this appeal, we do not reach Powers’s remaining point. 
 
See 
Tex. R. App. P.
 47.1.