**Steven Harry POWERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. PD–1380–04.**

Court of Criminal Appeals of Texas.

June 15, 2005.

Abe Factor, Fort Worth, for Appellant.

Kimberly Wesley, Asst. District Attorney, Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, J.J., joined.

Appellant was charged by information with driving while intoxicated. TEX. PEN. CODE ANN. § 49.04(a) (Vernon 2003). A jury convicted him and assessed punishment at a $750.00 fine and 150 days in jail, probated for two years. The court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. We reverse the judgment of the court of appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was involved in a single-car accident in Tarrant County. Two officers responded to the scene, both of whom later testified as fact witnesses at appellant's trial. The officers' testimony described appellant's poor performance in field sobriety tests and the horizontal gaze nystagmus test, and generally tended to show that appellant was intoxicated at the time of the accident.

One of the two officers, Samuel Williams of the Arlington Police Department, later became employed by the Tarrant County District Attorney; and by the time of trial, he worked as a prosecutor in the misdemeanor section. Although Williams worked in the same county as the court of conviction and had other matters pending before the court of conviction, he did not serve as a lawyer in appellant's case.

Appellant objected when Williams was called to the stand, complaining that the rules of professional responsibility prevented his testimony. Because appellant did not have notice that the prosecutor was going to call Williams, the trial court took a recess to allow appellant to develop his argument. Ultimately, the trial court received the testimony over appellant's objection and denied his request for a mistrial.

The court of appeals did not address whether Williams served "dual roles," i.e., whether Williams's mere status as (1) a lawyer with the district attorney's office and (2) a fact witness in the case, constituted "dual roles" as proscribed by Texas Rule of Professional Responsibility 3.08. *Powers v. State*, 140 S.W.3d 851, 854–55 (Tex.App.-Fort Worth 2004). The court of appeals, however, concluded that "dual-role problems" deprived appellant of a fair trial or otherwise affected his substantial rights. *Id.* at 856–57. Because we hold that Williams did not serve "dual roles" as contemplated by Rule 3.08, we do not reach the question of whether appellant was harmed.[1]

---

1. Likewise, because we sustain the State's

first ground for review, namely, that the court

## DISCUSSION

 Under a heading entitled "Standard of Review," the court of appeals set forth, in pertinent part, Rule 3.08:

(a) A lawyer shall not accept or continue employment as an *advocate* before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

. . . .

(c) Without the client's informed consent, a lawyer may not act as *advocate* in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as *advocate*.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), (c), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9) (emphasis added). However, we note that an intermediate appellate court's standard

of review on the admission of evidence is whether the trial court abused its discretion. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996). Although an ethics rule may be relied upon to show that an alleged violation infringed the complaining party's right to a fair trial or otherwise affected substantial rights, a complaining party's right is not grounded in the disciplinary rule itself. *See, e.g., House v. State*, 947 S.W.2d 251, 252–53 (Tex.Crim. App.1997). Therefore, the proper standard of review here is whether the trial court abused its discretion in its implicit finding that Williams was not acting in a dual role. *See Gonzalez v. State*, 117 S.W.3d 831, 837–39 (Tex.Crim.App.2003).

 The court of appeals erred in applying Rule 3.08 because Williams did not serve as an "advocate" in the proceeding. *See id.* Williams testified about his personal observations as a police officer, and his participation in the case extended no further. By taking no part in the case as a *lawyer* for the Office of the District Attorney, Williams's only role in the proceeding was as a fact witness. Thus, because Williams did not serve "dual roles" as advocate *and* witness, the trial court did not abuse its discretion in admitting his testimony.

This is the primary distinction between this case and our holding in *Gonzalez v. State*, which the court of appeals found controlling. *Powers*, 140 S.W.3d at 854–55. In *Gonzalez*, we concluded that a lawyer could not testify as a fact witness and then *resume* his role as an advocate without running afoul of the disciplinary rule. 117 S.W.3d at 837–38. Specifically, we upheld disqualification of defense counsel, who unlike Williams here, was *personally trying* the case, and was the only fact

of appeals misapplied Rule 3.08, we dismiss the State's remaining grounds for review that

complain of the court of appeals' harm analysis.

witness with personal knowledge upon a disputed essential fact. Simply put, we concluded that the trial court did not err in disqualifying defense counsel because his *continued* representation would likely create harmful circumstances specifically targeted by the rule, such as confusion of the jury. *Gonzalez*, 117 S.W.3d at 843; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08, cmt. 4.

The court of appeals seems to acknowledge that Williams did not serve dual roles. *Powers*, 140 S.W.3d at 856. Specifically, the opinion notes that

> [a]lthough *Gonzalez* involved a situation where defense counsel assumed dual roles, the court of criminal appeals' actual prejudice analysis in that case demonstrates the type of dual-role problems the court views as unfairly impacting a trial. The dual-role problems present in *Gonzalez* are the same dual-role problems present in this case.

*See id.*

■ The court of appeals's analysis, however, is faulty. When it is clear that an advocate is serving dual roles, it is proper to determine whether the opposing party would suffer actual prejudice by an alleged violation of the rule. *House v. State*, 947 S.W.2d at 252–53. On the other hand, when it is clear, as here, that a lawyer is not serving dual roles, the reviewing court should not proceed to determine whether the complaining party was harmed.

■ Furthermore, the trial court did not abuse its discretion because Williams' former role as the lead investigating/arresting officer in this case would not prevent him from "accept[ing] or continu[ing] employment" in the Office of the District Attorney. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). We are loathe to read into the law a requirement that would discourage lawyers from serving as public servants, and more importantly, that would discourage government entities from hiring otherwise desirable candidates for fear that the government would be prevented from going forward on a charge because one of its lawyers happened to have personal knowledge upon which testimony should be taken to resolve an essential fact. *See, e.g.,* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.10, cmt. 3 ("the rules governing lawyers presently or formerly employed by a government agency should not be so restrictive as to inhibit transfer of employment to and from the government. The government has a legitimate need to attract qualified lawyers as well as to maintain high ethical standards. The provisions for screening and waiver are necessary to avoid imposing too severe a deterrent against entering public service.").

## CONCLUSION

Because the court of appeals erred in applying Rule 3.08 to a situation in which the lawyer did not serve dual roles, we reverse the judgment of the court of appeals and remand the cause to that court to consider appellant's remaining issue for review.

MEYERS, J., did not participate.