IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1380-04






STEVEN HARRY POWERS, Appellant



v.



THE STATE OF TEXAS, Appellee





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., Price,
Womack, Johnson, Keasler, Hervey, and Cochran, J.J., joined. Meyers, J., did not participate.


O P I N I O N 



 Appellant was charged by information with driving while intoxicated. Tex. Pen.
Code Ann. § 49.04(a) (Vernon 2003). A jury convicted him and assessed punishment at a
$750.00 fine and 150 days in jail, probated for two years. The court of appeals reversed the
judgment of the trial court and remanded the cause for a new trial. We reverse the judgment
of the court of appeals. 


Factual and Procedural Background 

 Appellant was involved in a single-car accident in Tarrant County. Two officers
responded to the scene, both of whom later testified as fact witnesses at appellant's trial. The
officers' testimony described appellant's poor performance in field sobriety tests and the
horizontal gaze nystagmus test, and generally tended to show that appellant was intoxicated
at the time of the accident. 

 One of the two officers, Samuel Williams of the Arlington Police Department, later
became employed by the Tarrant County District Attorney; and by the time of trial, he
worked as a prosecutor in the misdemeanor section. Although Williams worked in the same
county as the court of conviction and had other matters pending before the court of
conviction, he did not serve as a lawyer in appellant's case. 

 Appellant objected when Williams was called to the stand, complaining that the rules
of professional responsibility prevented his testimony. Because appellant did not have notice
that the prosecutor was going to call Williams, the trial court took a recess to allow appellant
to develop his argument. Ultimately, the trial court received the testimony over appellant's
objection and denied his request for a mistrial. 

 The court of appeals did not address whether Williams served "dual roles," i.e.,
whether Williams's mere status as (1) a lawyer with the district attorney's office and (2) a
fact witness in the case, constituted "dual roles" as proscribed by Texas Rule of Professional
Responsibility 3.08. Powers v. State, 140 S.W.3d 851, 854-55 (Tex. App.--Fort Worth
2004). The court of appeals, however, concluded that "dual-role problems" deprived
appellant of a fair trial or otherwise affected his substantial rights. Id. at 856-57. Because
we hold that Williams did not serve "dual roles" as contemplated by Rule 3.08, we do not
reach the question of whether appellant was harmed. (1) 

Discussion

 Under a heading entitled "Standard of Review," the court of appeals set forth, in
pertinent part, Rule 3.08:

 (a) A lawyer shall not accept or continue employment as an
advocate before a tribunal in a contemplated or pending
adjudicatory proceeding if the lawyer knows or believes that the
lawyer is or may be a witness necessary to establish an essential
fact on behalf of the lawyer's client, unless:

 (1) the testimony relates to an uncontested issue;

 (2) the testimony will relate solely to a matter of formality and
there is no reason to believe that substantial evidence will be
offered in opposition to the testimony;

 (3) the testimony relates to the nature and value of legal services
rendered in the case;

 (4) the lawyer is a party to the action and is appearing pro se; or

 (5) the lawyer has promptly notified opposing counsel that the
lawyer expects to testify in the matter and disqualification of the
lawyer would work substantial hardship on the client.

. . . .

 (c) Without the client's informed consent, a lawyer may not act
as advocate in an adjudicatory proceeding in which another
lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b)
from serving as advocate.


Tex. Disciplinary R. Prof'l Conduct 3.08 (a), (c), reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9) (emphasis added). 
However, we note that an intermediate appellate court's standard of review on the admission
of evidence is whether the trial court abused its discretion. Green v. State, 934 S.W.2d 92,
101-02 (Tex. Crim. App. 1996). Although an ethics rule may be relied upon to show that an
alleged violation infringed the complaining party's right to a fair trial or otherwise affected
substantial rights, a complaining party's right is not grounded in the disciplinary rule itself. 
See, e.g., House v. State, 947 S.W.2d 251, 252-53 (Tex. Crim. App 1997). Therefore, the
proper standard of review here is whether the trial court abused its discretion in its implicit
finding that Williams was not acting in a dual role. See Gonzalez v. State, 117 S.W.3d 831,
837-39 (Tex. Crim. App. 2003).

 The court of appeals erred in applying Rule 3.08 because Williams did not serve as
an "advocate" in the proceeding. See id. Williams testified about his personal observations
as a police officer, and his participation in the case extended no further. By taking no part
in the case as a lawyer for the Office of the District Attorney, Williams's only role in the
proceeding was as a fact witness. Thus, because Williams did not serve "dual roles" as
advocate and witness, the trial court did not abuse its discretion in admitting his testimony.

 This is the primary distinction between this case and our holding in Gonzalez v. State,
which the court of appeals found controlling. Powers, 140 S.W.3d at 854-55. In Gonzalez,
we concluded that a lawyer could not testify as a fact witness and then resume his role as an
advocate without running afoul of the disciplinary rule. 117 S.W.3d at 837-38. Specifically,
we upheld disqualification of defense counsel, who unlike Williams here, was personally
trying the case, and was the only fact witness with personal knowledge upon a disputed
essential fact. Simply put, we concluded that the trial court did not err in disqualifying
defense counsel because his continued representation would likely create harmful
circumstances specifically targeted by the rule, such as confusion of the jury. Gonzalez, 117
S.W.3d at 843; Tex. Disciplinary R. Prof'l Conduct 3.08, cmt. 4. 

 The court of appeals seems to acknowledge that Williams did not serve dual roles. 
Powers, 140 S.W.3d at 856. Specifically, the opinion notes that 

 [a]lthough Gonzalez involved a situation where defense counsel
assumed dual roles, the court of criminal appeals' actual
prejudice analysis in that case demonstrates the type of dual-role
problems the court views as unfairly impacting a trial. The
dual-role problems present in Gonzalez are the same dual-role
problems present in this case. 

See id. 

 The court of appeals's analysis, however, is faulty. When it is clear that an advocate
is serving dual roles, it is proper to determine whether the opposing party would suffer actual
prejudice by an alleged violation of the rule. House v. State, 947 S.W.2d at 252-53. On the
other hand, when it is clear, as here, that a lawyer is not serving dual roles, the reviewing
court should not proceed to determine whether the complaining party was harmed. Furthermore, the trial court did not abuse its discretion because Williams' former role
as the lead investigating/arresting officer in this case would not prevent him from
"accept[ing] or continu[ing] employment" in the Office of the District Attorney. See Tex.
Disciplinary R. Prof'l Conduct 3.08(a). We are loathe to read into the law a requirement
that would discourage lawyers from serving as public servants, and more importantly, that
would discourage government entities from hiring otherwise desirable candidates for fear
that the government would be prevented from going forward on a charge because one of its
lawyers happened to have personal knowledge upon which testimony should be taken to
resolve an essential fact. See, e.g., Tex. Disciplinary R. Prof'l Conduct 1.10, cmt. 3 ("the
rules governing lawyers presently or formerly employed by a government agency should not
be so restrictive as to inhibit transfer of employment to and from the government. The
government has a legitimate need to attract qualified lawyers as well as to maintain high
ethical standards. The provisions for screening and waiver are necessary to avoid imposing
too severe a deterrent against entering public service."). 

Conclusion

 Because the court of appeals erred in applying Rule 3.08 to a situation in which the
lawyer did not serve dual roles, we reverse the judgment of the court of appeals and remand
the cause to that court to consider appellant's remaining issue for review.


DELIVERED JUNE 15, 2005.

PUBLISH 

 



1. Likewise, because we sustain the State's first ground for review, namely, that the court
of appeals misapplied Rule 3.08, we dismiss the State's remaining grounds for review that
complain of the court of appeals' harm analysis.