COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-03-046-CR


STEVEN HARRY POWERS                                                       APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1] ON REMAND

------------
        On original submission of this appeal, we sustained Powers’s first issue,
which alleged harm because the jury was informed that the primary fact
witness for the State—a former police officer—was now a member of the
prosecuting district attorneys’ office. The Court of Criminal Appeals reversed
our judgment and remanded the case to us for consideration of Powers’s
second point; we did not reach Powers’s second point on original submission
because we sustained his first point. See Powers v. State, 140 S.W.3d 851
(Tex. App.—Fort Worth 2004), rev’d, 165 S.W.3d 357 (Tex. Crim. App. 
2005).
        Powers’s vehicle struck a traffic pole, and a witness called police. When
police arrived, Powers appeared intoxicated and police began administering field
sobriety tests. Powers complained that he felt dizzy and needed medical
treatment. A police officer at the scene, Officer Williams, called an ambulance
and told Powers he was under arrest. After Powers arrived at the hospital,
Officer Williams read the statutory driver’s license suspension warnings to him
and then requested a blood specimen. Powers refused to submit a blood
sample. 
        In his second point, Powers claims he was never informed that he was
under arrest and argues that if he was not under arrest then the jury could not
consider his refusal to provide a blood sample. He contends that the trial court
erred by failing to instruct the jury that if it found he was not under arrest at the
time Officer Williams requested a blood sample then it was required to disregard
all evidence of his refusal to provide such a sample. Powers apparently sought
this instruction pursuant to article 38.23 of the code of criminal procedure
which prohibits the jury from considering evidence “obtained by an officer or
other person in violation of any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United States of America.”
Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). [2] Powers claims that
some evidence exists in the record supporting submission of this “defensive
issue.” Whether Powers was under arrest when Officer Williams requested a
blood specimen is not, however, a defense to DWI. See generally, Tex. Penal
Code Ann. § 8.01-.07 (Vernon 1979 & Supp. 2004-05). Powers also claims
that if he was not under arrest, the implied consent law was not applicable.
Because Powers refused to give a specimen, and none was taken, the law of
implied consent was not applied. See Tex. Transp. Code Ann. § 724.011
(Vernon 1999). The trial court did not abuse its discretion by refusing to
submit the instruction requested by Powers. See Tex. Code Crim. Proc. Ann.
art. 36.14 (Vernon Supp. 2004-05) (providing that court’s charge must set
forth law applicable to the case). We overrule Powers’s second issue and
affirm the trial court’s judgment.


                                                          SUE WALKER
                                                          JUSTICE

PANEL B:   HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2005

 
NOTES
1. See Tex. R. App. P. 47.4.
2. Powers does not state which laws or constitutional provisions were
purportedly violated by Officer Williams’s request for a blood specimen while
Powers allegedly was not under arrest.