Powers v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-046-CR

STEVEN HARRY POWERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON REMAND

------------

On original submission of this appeal, we sustained Powers’s first issue, which alleged harm because the jury was informed that the primary fact witness for the State—a former police officer—was now a member of the prosecuting district attorneys’ office.  The Court of Criminal Appeals reversed our judgment and remanded the case to us for consideration of Powers’s second point; we did not reach Powers’s second point on original submission because we sustained his first point.  
See Powers v. State
, 140 S.W.3d 851 (Tex. App.—Fort Worth 2004), 
rev’d
, 165 S.W.3d 357 (Tex. Crim. App.  2005).

Powers’s vehicle struck a traffic pole, and a witness called police.  When police arrived, Powers appeared intoxicated and police began administering field sobriety tests.  Powers complained that he felt dizzy and needed medical treatment.  A police officer at the scene, Officer Williams, called an ambulance and told Powers he was under arrest.  After Powers arrived at the hospital, Officer Williams read the statutory driver’s license suspension warnings to him and then requested a blood specimen.  Powers refused to submit a blood sample. 

In his second point, Powers claims he was never informed that he was under arrest and argues that if he was not under arrest then the jury could not consider his refusal to provide a blood sample.  He contends that the trial court erred by failing to instruct the jury that if it found he was not under arrest at the time Officer Williams requested a blood sample then it was required to disregard all evidence of his refusal to provide such a sample.  Powers apparently sought this instruction pursuant to article 38.23 of the code of criminal procedure which prohibits the jury from considering evidence “obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America.” 
Tex. Code Crim. Proc. Ann.
 art. 38.23 (Vernon 2005).
(footnote: 2)  Powers claims that some evidence exists in the record supporting submission of this “defensive issue.”  Whether Powers was under arrest when Officer Williams requested a blood specimen is not, however, a defense to DWI.  
See generally,
 
Tex. Penal Code Ann.
 § 8.01-.07 (Vernon 1979 & Supp. 2004-05).  Powers also claims that if he was not under arrest, the implied consent law was not applicable. Because Powers refused to give a specimen, and none was taken, the law of implied consent was not applied.  
See
 
Tex. Transp. Code Ann.
 § 724.011 (Vernon 1999).  
The trial court did not abuse its discretion by refusing to submit the instruction requested by Powers.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2004-05) (providing that court’s charge must set forth law applicable to the case).  We overrule Powers’s second issue and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 11, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Powers does not state which laws or constitutional provisions were purportedly violated by Officer Williams’s request for a blood specimen while Powers allegedly was not under arrest.