COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-416-CR


EX PARTE 




JAMES DALE BROUSSARD 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        In this appeal, we must decide whether double jeopardy bars retrial of a
defendant where the trial court denies the defendant’s motion for mistrial due
to alleged prosecutorial misconduct but later orders a mistrial because the jury
is deadlocked. We hold that, under the circumstances presented by this case,
the answer is “no.” Accordingly, we affirm the trial court’s denial of
Appellant’s petition for writ of habeas corpus.
Procedural Background
        Appellant was charged with indecent exposure and pleaded not guilty. 
During the guilt/innocence phase of his jury trial, the police officer who arrested
Appellant testified that he saw Appellant exposing his genitals from a certain
vantage point outside Appellant’s pickup truck. Appellant played a videotape
for the jury that, according to Appellant, suggested the officer’s vantage point
would not have allowed him to see what he claimed to have seen.
        When the trial broke for lunch, Ryan Calvert, an assistant district attorney
but not the prosecutor trying the case, found Appellant’s truck in the parking
lot and conducted an impromptu investigation to determine what he could see
through the window from the vantage point of the arresting officer. The
prosecutor called Calvert to testify about his observations. 
        Appellant objected that it was improper for a member of the prosecutor’s
office to testify as a fact witness and that Calvert did not have “the legal
capacity to be testifying in a case in which he closely is and has worked with
the prosecution.” The trial court overruled his objections and allowed Calvert
to testify. Appellant did not move for a mistrial at that time. Later, the trial
court allowed the jury to view Appellant’s pickup for themselves.
        The case was submitted to the jury the next morning. During its
deliberations, the jury sent the following notes to the trial court:
JURY:There is a direct conflict between members of the jury
as to [the arresting officer’s] testimony. We would like
to review his testimony regarding [Appellant’s] actions
from the time [the officer] approached the truck and
the time in which [Appellant] was placed in the police
vehicle. 
 
COURT:Your request is very broad. Please inform the Court as
to the direct conflict, if any, between members of the
jury concerning [the officer’s] testimony. 
 
JURY:Some jurors recollect [the officer] testifying only to
[Appellant’s] penis in his hand. Others recollect [the
officer] stating that he saw the penis in the hand but
saw [Appellant] tucking his penis in his pants and
zipping the pants up.

At this point the jury was taken back to the courtroom and the court reporter
read the relevant testimony to them. The jury resumed its deliberations, then
sent another note to the court:
JURY:The jury has reached an impasse and cannot render a
unanimous verdict on the above-noted case. 

The judge called the jury back to the courtroom and read them an Allen charge. 
See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154 (1896). Again the
jury resumed its deliberations. An hour later, the jury again reported that it was
at an impasse. The trial court instructed the jury to go home and resume
deliberations the next day. 
        The next morning, Appellant moved for a mistrial based on prosecutorial
misconduct—specifically, Calvert’s testimony two days earlier. After noting
that Calvert had not appeared on behalf of the State as a prosecutor in the
case, the trial court denied his request for a mistrial. 
        About an hour later, the jury sent another note to the judge:
JURY:After further deliberation and dissection of all evidence
provided, the jury is split five to one, and each side
maintains that changing its position in order to render
a unanimous verdict would bring violence to good
conscience. 

Over Appellant’s request that the court instruct the jury to continue
deliberating, the trial court declared a mistrial and released the jury. 
        Appellant then filed a petition for writ of habeas corpus in the trial court,
claiming that double jeopardy barred his retrial because the mistrial was the
result of prosecutorial misconduct. After a hearing, the trial court found that
Appellant “did not prove by a preponderance of the evidence that the
manifestly improper prosecutorial misconduct, if any, provoked the mistrial” and
denied habeas relief. Appellant then filed this appeal.
Relevant Law
        Both the Double Jeopardy Clauses of the Fifth Amendment to the United
States Constitution and article I, section 14 of the Texas Constitution protect
a criminal defendant from repeated prosecutions for the same offense. U.S.
Const. amend. V; Tex. Const. art. I, § 14; Oregon v. Kennedy, 456 U.S. 667,
671, 102 S. Ct. 2083, 2087 (1982); Ex parte Peterson, 117 S.W.3d 804, 810
(Tex. Crim. App. 2003). Although a defendant has a “valued right to have his
trial completed by a particular tribunal,” neither constitutional provision
guarantees that the State “will vindicate its societal interest in the enforcement
of the criminal laws in one proceeding.” Kennedy, 456 U.S. at 671-72, 102
S. Ct. at 2087; Peterson, 117 S.W.3d at 810. Thus, double jeopardy principles
do not forbid multiple trials of a single criminal charge if the first trial resulted
in a mistrial that: 1) was justified under the manifest necessity doctrine; or 2)
was requested or consented to by the defense, absent prosecutorial misconduct
which forced the mistrial. Peterson, 117 S.W.3d at 810-11. One example of
manifest necessity is when a mistrial is declared because the jury is unable to
reach a verdict after considerable deliberation. Brown v. State, 907 S.W.2d
835, 839 (Tex. Crim. App. 1995).
        Double jeopardy bars a successive prosecution after a declaration of
prosecutorial misconduct at the defendant’s request when the misconduct was
intended to induce a motion for mistrial or when the prosecutor was aware but
consciously disregarded the risk that an objectionable event for which he was
responsible would require a mistrial at the defendant’s request. Bauder v.
State, 921 S.W.2d 696, 699 (Tex. Crim. App. 1996) (op. on reh’g).
        In Peterson, the Texas Court of Criminal Appeals set out the following
three-pronged analysis to be employed by courts in analyzing a double jeopardy
mistrial claim:
1) Did manifestly improper prosecutorial misconduct provoke the
mistrial?
 
2) Was the mistrial required because the prejudice produced from
that misconduct could not be cured by an instruction to disregard? 
 
3) Did the prosecutor engage in that conduct with the intent to
goad the defendant into requesting a mistrial (Kennedy standard)
or with conscious disregard for a substantial risk that the trial court
would be required to declare a mistrial (Bauder standard)?

Peterson, 117 S.W.3d at 816-17 (footnotes omitted).
        When raising a double jeopardy claim on a pretrial writ of habeas corpus,
the applicant bears the burden of proof under a preponderance of the evidence
standard. Id. at 818. Therefore, Appellant must satisfy all three prongs of the
Peterson test by a preponderance of the evidence. See id.
Standard of Review
        In reviewing the trial court’s decision to grant or deny habeas relief, we
must review the facts in the light most favorable to the trial judge’s ruling and
should uphold the decision absent an abuse of discretion. See id. at 819. We
should afford almost total deference to a trial court’s determination of the
historical facts that the record supports, especially when the trial court’s fact
findings are based on an evaluation of credibility and demeanor. See id. We
also afford that same level of deference to a trial court’s ruling on application
of law to fact questions, also known as mixed questions of law and fact, if the
resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. See id. But appellate courts review de novo those mixed questions
of law and fact that do not depend upon credibility and demeanor. Id. 
Although reviewing courts should also grant deference to “implicit factual
findings” that support the trial court’s ultimate ruling, they cannot do so if they
are unable to determine from the record what the trial court’s implied factual
findings are. Id.
Analysis
        Appellant argues that the prosecutor’s decision to call as a witness an
assistant district attorney who was not otherwise involved in the trial of the
case clearly constitutes prosecutorial misconduct. [2] To support this argument,
Appellant relies on a recent opinion issued by this court, Powers v. State, 140
S.W.3d 851 (Tex. App.—Fort Worth 2004) rev’d, ___ S.W.3d ___, 2005 WL
1398110 (Tex. Crim. App. 2005). Because our decision in Powers was
recently reversed by the court of criminal appeals on the very issue for which
Appellant cites it, the precedential underpinnings of his argument are shaky at
best.
        But we need not answer the question of whether Calvert’s testimony rose
to the level of prosecutorial misconduct because even if it did, Appellant’s
double jeopardy argument fails the first prong of the Peterson test: Appellant
failed to show by a preponderance of the evidence that the alleged prosecutorial
misconduct “provoked” the mistrial. See Peterson, 117 S.W.3d at 816-17. 
The trial court specifically found that Appellant failed to prove that the alleged
misconduct provoked the mistrial. The record shows that the trial court ordered
a mistrial not because of the alleged prosecutorial misconduct, but because the
jury was hopelessly deadlocked. The notes from the jury to the trial court do
not suggest that Calvert’s testimony had anything to do with their inability to
reach a verdict. Indeed, the jury’s second note suggests that their dispute was
not whether the arresting officer could see Appellant’s penis—the issue to
which Calvert’s testimony pertained—but what Appellant was doing with his
penis when the officer saw it. The prosecutor’s conduct may have provoked
Appellant’s request for a mistrial, but nothing in the record suggests that it
provoked the mistrial ultimately declared by the trial court. Reviewing the
record in the light most favorable to the trial court’s finding, we cannot say that
the trial court abused its discretion by denying Appellant habeas relief.
        Appellant urges us to expand the rule from Kennedy, Bauder, and
Peterson to preclude retrial when a defendant moves for a mistrial because of
prosecutorial misconduct, the trial court denies the motion, and the jury is
unable to reach a verdict. As Appellant admits, the rule he proposes has not
been adopted by any court in the United States, and we decline to adopt it
here.
        We hold that the trial court did not abuse its discretion by denying
Appellant’s petition for habeas relief. We overrule Appellant’s sole issue and
affirm the trial court’s denial of Appellant’s petition for a writ of habeas corpus.


                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2005

 
NOTES
1. See Tex. R. App. P. 47.4.
2. Appellant contends that Calvert was involved in the prosecution of the case,
but the record refutes his contention. When Appellant alleged in his motion for
new trial that Calvert participated in the trial as the second chair prosecutor, the
trial court admonished Appellant’s attorney not to misstate the record and
noted that Calvert did nothing more than sit in the courtroom for part of the
trial.